HERBERT NEIHAGE v. KITTRELL AUTO PARTS, INC. AND GLOBEMASTER, INC.

No. 7810SC632

(Filed 5 June 1979)

Sales § 22— alleged negligent design and manufacture— summary judgment for defendant

Summary judgment was properly entered for defendant in plaintiff's action for negligent design and manufacture of a steel punch where the defendant's uncontradicted evidence showed that it did not design or manufacture the punch and that it did not represent or hold itself out to the public as having designed and manufactured the punch.

APPEAL by plaintiff from *Smith (David I.), Judge.* Judgment entered 5 April 1978 in Superior Court, WAKE County. Heard in the Court of Appeals 29 March 1979.

Plaintiff filed his complaint against defendant appellee Globemaster, Inc. and defendant Kittrell, and alleged that he was injured when striking a defective tool described as a "61412 Globemaster, Japan punch." Plaintiff alleged two grounds of recovery: (1) for breach of warranty and (2) for negligence. The complaint alleged that the steel punch in question was purchased by his employer, Atlantic Veneer Corporation, and was provided for his use by his employer. The only claim set forth against Kittrell by plaintiff was based upon the theory of breach of warranty.

Summary judgment was granted in favor of Kittrell, from which the plaintiff did not appeal. Plaintiff took a voluntary dismissal with prejudice on his claim for breach of warranty after Globemaster, Inc. moved for a partial summary judgment on that part of plaintiff's claim.

On the remaining claim, plaintiff contended that Globemaster represented or held out to the general public that it had designed and manufactured the steel punch in question and that his injury was caused by the negligence of Globemaster, in that said punch was negligently designed and manufactured and that Globemaster failed to warn or instruct plaintiff on the use of this dangerous instrument. Defendant moved for summary judgment as to plaintiff's cause of action on negligence on the grounds that it was not liable for the alleged negligent design and manufacture of the punch since it neither designed nor manufactured it. The motion was granted pursuant to G.S. 1A-1, Rule 56. Plaintiff appealed.

*Charles A. Parlato and Gene Collison Smith, for plaintiff appellant.*

*Maupin, Taylor & Ellis, by Armistead Maupin, Richard C. Titus, and John Williamson, for defendant appellee.*

ERWIN, Judge.

The record in this case on appeal presents one question for our determination: Did the trial court commit error in granting defendant's motion for summary judgment pursuant to G.S. 1A-1, Rule 56, of the Rules of Civil Procedure? We answer, "No."

A motion for summary judgment may be granted only when there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. *Lee v. Shor,* 10 N.C. App. 231, 178 S.E. 2d 101 (1970). The movant's materials in support of summary judgment must be carefully scrutinized, and the non-moving party's materials must be indulgently regarded. *Page v. Sloan,* 281 N.C. 697, 190 S.E. 2d 189 (1972). Any doubt must be resolved in favor of the party opposing the motion for summary judgment. *Miller v. Snipes,* 12 N.C. App. 342, 183 S.E. 2d 270, *cert. denied,* 279 N.C. 619, 184 S.E. 2d 883 (1971). If the moving party for summary judgment successfully carries the burden of proof, the opposing party must, by affidavits or otherwise, set

forth specific facts showing that there is a genuine issue for trial. *Haithcock v. Chimney Rock Co.*, 10 N.C. App. 696, 179 S.E. 2d 865 (1971).

The plaintiff alleged "[t]hat the said injury of the plaintiff was caused by the negligence of the defendant Globemaster, Inc. in that the said punch was negligently designed and manufactured, and the defendant failed to warn or instruct the plaintiff on the use of this dangerous instrumentality." Globemaster denied this allegation in its answer.

In his answers to interrogatories, plaintiff stated:

"The purpose the '61412 Globemaster Japan' punch was purchased was for general overall use. No instructions for the use of the punch were furnished with it. I received no instructions regarding limitations on the way the punch was to be used.

The complete and proper name of and/or identification of the punch which was involved in my accident was 61412 Globemaster Japan.

At the time of the accident I was using a punch 61412 Globemaster Japan and an approximately 16 oz. hammer made in Germany. I had been working on the project a few minutes before the accident occurred."

Walter Kittrell stated in his answer to plaintiff's interrogatories:

"[W]e sold them some punches but I cannot state that we sold the Globemaster punch referred to as 61412 Globemaster, Japan punch. Globemaster punches were purchased by Kittrell Auto Parts, Inc. directly from the company through its Atlanta, Georgia, distributing office. Kittrell Auto Parts, Inc. purchased the punches I have described from Dick Downing, Sales Agent, Wilson, North Carolina.

No literature describing these punches have been delivered to Kittrell Auto Parts, Inc. by the manufacturer or by a person from the corporation from whom Kittrell purchased the punches. Kittrell has no copies of any descriptive literature with regard to these punches."

Defendant's answers to plaintiff's interrogatories revealed:

"Neither Globemaster, Inc., nor any subdivision or subsidiary of Globemaster, Inc. ever manufactured steel punches designated as '61412 Globemaster, Japan.' Globemaster, Inc., a subdivision or subsidiary of Globemaster, Inc. has sold steel punches designated as '61412 Globemaster, Japan.'

Globemaster never has manufactured this model or type of steel punch. Globemaster does not know whether said punch was being manufactured between 1969 and August of 1971. Globemaster does not know the name and address of the manufacturing firm or company who has or who is presently manufacturing this type of steel punch.

Globemaster does not know the type and method of manufacturing said steel punches and cannot describe in detail each individual step in the manufacture of said punches. . . .

Globemaster did not employ any stress analysis engineers to assist in the preparation of specifications and designs for this type of steel punch."

In his deposition, Richard Downing stated that: he was a salesman for Globemaster in Eastern North Carolina; he sold products, including Globemaster steel punches; all of these had the name "Globemaster" on the products; and he represented to the individuals he sold such products that these were products of Globemaster; Globemaster does not advertise in the eastern part of the State — "use any kind of advertisement, radio, TV or whatnot. They expect to sell their products through salesmen."

Plaintiff did not offer any evidence contrary to that of defendant on the issue of advertisement by defendant and defendant's holding itself out to the general public. Plaintiff was required to come forward with some evidence to raise a question of fact to be tried. Plaintiff could not rely on the bare allegations of his complaint. *Coakley v. Motor Co.*, 11 N.C. App. 636, 182 S.E. 2d 260, *cert. denied*, 279 N.C. 393, 183 S.E. 2d 244 (1971). To us, there was no genuine issue as to a material fact before the trial court on this issue.

Plaintiff concedes in his brief: "Since the uncontradicted evidence indicated that Kumeda, Kinzoku, a Japanese Company,

had manufactured the subject punch, and Defendant Globemaster had not, Judge David Smith granted the Defendant's Motion for Summary Judgment on April 5, 1978 dismissing Plaintiff's claim in negligence against the Defendant." On appeal, he changes his position and now contends that defendant, as a supplier, failed to meet the standard of care regarding its alleged inspections of the punches and its total failure to warn of defects or of the useful life of the punch. Plaintiff further contends that Globemaster is to be judged by those rules applicable to a manufacturer of a defective product as well as a supplier of such a product. We note with interest that plaintiff did not propose to amend his complaint.

Edmund A. Perwien, Executive Vice-President of Globemaster, Inc., testified by deposition in part as follows:

"[S]omeone in our company has information with any testing that was done on that group of punches designated 61412 from the period 1968 through 1974. Sam Roitenberg in Mas Teramoto would have tested the punches. There were some people under Mas Teramoto. Tests were carried out at the time of delivery, at the time of delivery in Japan and the time of receipt of samples in this country. Mr. Roitenberg is in our office today.

*   *   *

With regard to the testing that I indicated that I believe that two individuals did, there are no written results of those tests. Each punch was not inspected for defects. Representative samples will be tested from each style and size and outer case and then one out of maybe ten of the outer cases will have to be opened and one or two or ten or whatever punches inside the case will be checked. In other words, not 100 per cent because first of all you deface the punch and make it unsalable by testing it so you test a representative group and if you find them bad of course you test more and if you find them to be bad you reject them as unsatisfactory, the whole lot."

Defendant moved for summary judgment on the following grounds:

"2. The testimony of E. A. Perwien, Vice President of Globemaster, Inc., shows that Globemaster, Inc. did not

manufacture punches of the type involved in this case, but purchased them from an independent and experienced manufacturer; that the punches were tested by Globemaster engineers before purchase in Japan, and later tested in the Globemaster warehouses, in Houston, Texas.

3. Globemaster, Inc. is not liable for alleged negligent design and manufacture, when, in fact, it neither designed nor manufactured the punch in question.

4. Globemaster, Inc. is not liable on any alleged failure to warn or instruct the plaintiff on the use of a simple hand tool, especially in view of the fact that there is no allegation in the complaint supporting the allegation that a punch is a dangerous instrumentality."

Plaintiff did not come forward with any evidence to offset the evidence of defendant. To us, the plaintiff failed to raise an issue as to any material fact, and defendant is entitled to judgment as a matter of law.

Judgment is affirmed.

Judges PARKER and MARTIN (Harry C.) concur.