STEWART B. NEWTON v. NEW HANOVER COUNTY BOARD OF EDUCATION

No. 280A94

(Filed 9 February 1996)

**1. Negligence § 51 (NCI4th)— police officer—response to silent alarm—invitee—duty owed by landowner**

A police officer entering the premises of a landowner in the performance of his public duty enters by authority of law, and the officer's invitation to enter the premises is implied in law. Thus, a landowner's duty of care toward a police officer who enters the premises in response to a silent burglar alarm is the same as the duty owed to an invitee.

**Am Jur 2d, Premises Liability §§ 87 et seq.**

**2. Negligence § 42 (NCI4th)— police officer—invitee—fall on stairway on school premises—negligence of board of education**

Plaintiff police officer's evidence was sufficient for the jury on the issue of defendant board of education's negligence in failing to warn of or repair the condition of a stairway on school premises if plaintiff is treated as an invitee where it tended to show that plaintiff went to a high school field house in response

to a silent burglar alarm; plaintiff climbed an exterior metal stairway that led to the second floor of the field house to determine if the building was secure; plaintiff fell and was injured while attempting to descend the stairway; the stairs were too narrow to permit an entire adult foot to be placed on a step, and the slope of the stairway exceeded a safe slope; defendant had constructive, if not actual, knowledge of the dangerous condition of the stairs but failed to correct the situation; and no signs or notices were posted at or near the stairway reserving its use for emergencies or forbidding its use.

**Am Jur 2d, Premises Liability §§ 583 et seq., 815 et seq.**

**3. Negligence § 109 (NCI4th)— stairway at high school—fall by police officer—former student at school—no contributory negligence**

Plaintiff police officer who went to a high school field house in response to a silent alarm was not contributorily negligent as a matter of law when he fell while descending a dangerous stairway outside the field house because he had attended the school and had frequently been in the field house while he was a student and since he had completed high school some seven years earlier.

**Am Jur 2d, Premises Liability §§ 786, 790.**

**4. Appeal and Error § 451 (NCI4th)— issue in Court of Appeals brief—review by Supreme Court**

The Supreme Court will consider an issue that was properly presented in defendant's brief in the Court of Appeals but was not addressed by the Court of Appeals. N.C. R. App. P. 16.

**Am Jur 2d, Appellate Review §§ 690, 696.**

**5. Evidence and Witnesses § 2369 (NCI4th)— expert testimony—stairway structure—relevancy**

The trial court did not err in ruling that videotaped deposition testimony by an expert who inspected an outside stairway at a high school field house that the slope of the stairway exceeded a safe slope and that the risk of falling on the stairs was much greater than the risk of falling on stairs constructed in accordance with good engineering practices and prevailing building codes was relevant in a police officer's negligence action against a board of education to recover for injuries received when he fell while descending the stairway.

**Am Jur 2d, Expert and Opinion Evidence §§ 354, 355.**

**6. Appeal and Error § 147 (NCI4th)— absence of objection— failure to preserve question for appellate review**

No question concerning a portion of a deposition containing references to the N.C. Building Code was preserved for appellate review where defendant failed to object to the introduction into evidence of that portion of the deposition. N.C. R. App. P. 10(b)(1).

**Am Jur 2d, Appellate Review §§ 614, 615.**

Appeal by defendant pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 114 N.C. App. 719, 443 S.E.2d 347 (1994), reversing an order granting defendant's motion for judgment notwithstanding the verdict entered 5 March 1993 by DeRamus, J., at the 1 March 1993 Civil Session of Superior Court, New Hanover County. On 5 October 1994, the Supreme Court allowed defendant's petition for discretionary review of additional issues. Heard in the Supreme Court 12 September 1995.

*John K. Burns for plaintiff-appellee.*

*Crossley McIntosh Prior & Collier, by Francis B. Prior and Sharon A. Johnston, for defendant-appellant.*

FRYE, Justice.

In this case of first impression, we must determine whether the Court of Appeals properly reversed the trial court's entry of judgment for defendant notwithstanding a jury verdict for plaintiff, a police officer who was injured after entering defendant's property in response to a burglar alarm. The case turns on whether the police officer was entitled to the same protection as an invitee on the premises. We answer in the affirmative and thus uphold the result reached by the Court of Appeals.

In 1989, plaintiff, Stewart B. Newton, was working as a uniformed patrol officer for the City of Wilmington Police Department. On the evening of 6 June 1989, plaintiff and his partner, Officer Brendan Sheehy, were dispatched to the New Hanover High School field house in response to a silent alarm which was installed to alert the police department to break-ins on school property after school hours. It was raining.

NEWTON v. NEW HANOVER COUNTY BD. OF EDUCATION

[342 N.C. 554 (1996)]

Upon their arrival at the field house, Officer Sheehy investigated the west end of the building, while plaintiff investigated the east end. After checking the doors at ground level, plaintiff climbed an exterior metal stairway that led to the second floor of the field house. Plaintiff described the stairway as being thirteen to fourteen inches from the wall of the building. There was no handrail on the building side of the stairway, but there was a handrail on the side of the stairs away from the building. A bottom rail was positioned parallel to the handrail along the treads of the stairs. These two rails were connected by vertical supports, one each at the top and bottom of the stairs and the other at the midway point. The rails and the supports were made of angle iron.

As plaintiff began to climb the stairs, he held a flashlight in his left hand and held the handrail with his right hand. When he reached the door at the top of the stairs, he found that it was locked. He called Officer Sheehy and reported that his side of the building was secure.

Plaintiff then began to descend the wet stairs. Because the stairs were too narrow to permit an entire adult foot to be placed on a step, plaintiff turned his body to the side in order to get more of his foot on each step. As he went down the stairs, he shifted the flashlight to his right hand and placed his left hand on the handrail. He shined the flashlight at the steps. At some point while descending the stairs, plaintiff fell onto his buttocks and began sliding down the steps on his back and buttocks. Plaintiff was wearing ribbed-sole shoes.

As plaintiff fell, his left hand came off the handrail and landed on the lower rail. His body continued to slide down the stairs until his left hand became caught in the angle formed by the lower horizontal rail and the vertical support midway down the stairway. His fall was stopped when the little finger of his left hand wedged in the angle of the horizontal rail and vertical support. At this point, his left arm was fully extended.

As a result of the fall, plaintiff's left arm, wrist, hand, and little finger were injured. He received medical treatment for injury to his finger and arm and continues to suffer a fifty-five percent permanent physical impairment of his left little finger. Plaintiff was twenty-six years old at the time of the injury.

Plaintiff brought this action against defendant, New Hanover County Board of Education, to recover for injuries sustained at New Hanover High School. It is undisputed that defendant owns and maintains the premises on which plaintiff was injured. It is also undis-

puted that at all times relevant to this action no signs or notices were posted at or near the stairway reserving its use for emergencies or forbidding its use. The parties stipulated that plaintiff suffered injury on the night of 6 June 1989 and incurred medical expenses through 18 October 1989 in the amount of $1,233.41. Because of his injuries, plaintiff lost wages in the amount of $1,856.57. Plaintiff received $5,086.67 in workers' compensation benefits from his employer, the City of Wilmington Police Department.

In this civil action, plaintiff seeks damages in excess of $10,000 from the New Hanover County Board of Education on the basis of injuries sustained due to the Board's negligence, through its agents and employees, in "procuring, maintaining and failing over a number of years to make safe the stairway, which was of negligent design, construction and maintenance."

At trial, plaintiff introduced the videotaped deposition testimony of engineer Daniel M. Aquilino. Aquilino stated that, in his opinion, the slope of the stairway exceeded a safe slope. Aquilino also stated that the risk of falling on the stairs in question was much greater than the risk of falling on stairs constructed in accordance with good engineering practices and prevailing building codes.

The trial court instructed the jury that plaintiff was an invitee on defendant's premises at the time of the injury, and therefore, defendant owed plaintiff a duty to exercise reasonable care to keep its premises in a reasonably safe condition. The court further instructed the jury on contributory negligence. On 5 March 1990, the jury returned a verdict for plaintiff in the amount of $20,000 and found that he was not contributorily negligent. Defendant then moved for judgment notwithstanding the verdict. The trial court granted this motion, holding that the evidence showed as a matter of law that at the time of the injury plaintiff was a licensee rather than an invitee and that no evidence was presented to show that defendant violated the duty owed to a licensee. The court further held that the evidence demonstrated as a matter of law that plaintiff was contributorily negligent. From this judgment, plaintiff appealed to the Court of Appeals.

A divided panel of the Court of Appeals concluded that plaintiff entered defendant's premises as an invitee. The majority of the panel reversed the trial court's order granting judgment notwithstanding the verdict and remanded the case to the trial court for entry of judgment for plaintiff in accordance with the jury's verdict. Judge Johnson dissented, stating:

The police officer herein does not neatly fit the status of a licensee, "one who enters on the premises with the possessor's permission, express or implied, solely for his own purposes rather than the possessor's benefit," because the police officer is not entering the premises solely for his own purposes, rather than the school's benefit. The police officer clearly is not an invitee, "a person who goes upon the premises in response to an express or implied invitation by the landowner for the mutual benefit of the landowner and himself," because the police officer does not intend to benefit himself by going onto the school's premises; rather, the police officer intends to benefit the landowner and the public. I believe that the predominant "nature of the business bringing [the police officer] to the premises" herein is the officer's duty, as a law enforcement officer, to carry out the responsibilities of his job. A police officer is one who enters the premises of a property owner under the authority of law. On the facts herein, the police officer is entering the school property for the benefit of the public, to maintain civil order and to promote the public welfare.

*Newton v. New Hanover Co. Bd. of Educ.*, 114 N.C. App. 719, 726, 443 S.E.2d 347, 351 (1994) (Johnson, J., dissenting). Judge Johnson concluded that the police officer's status more closely resembled that of a licensee and therefore voted to affirm the trial court. Based on Judge Johnson's dissent, defendant appeals to this Court.

**[1]** The first question on this appeal is what duty of care is owed to a police officer who enters the premises of another in discharge of his duties as a public officer. This question presents a matter of first impression for this Court.[1]

In cases of premises liability generally, this jurisdiction has applied the common law doctrine that the nature and extent of the duty owed by the owner or occupier of land to persons injured on the land depends upon whether the injured person could be classified as an "invitee," a "licensee," or a "trespasser." In *Hood v. Queen City Coach Co.*, 249 N.C. 534, 107 S.E.2d 154 (1959), this Court said:

> As affecting liability for injury resulting from the condition of premises in private ownership or occupancy, one who enters without permission or other right is a trespasser. One who enters

---

1. Realizing the uncertainty of the law in this area, the trial court handled this case in a commendable manner, thus obviating the necessity of a new trial in the event this Court held that plaintiff should be treated as an invitee.

with permission but solely for his own purposes is a licensee. One who enters by invitation, express or implied, is an invitee. "The duty owed trespassers is that they must not be wilfully or wantonly injured." *Jessup v. R.R.*, 244 N.C. 242, [245], 93 S.E.2d 84[, 87 (1956)]. "As to a licensee the duties of a property owner are substantially the same as with respect to a trespasser. But a vital difference arises out of conditions which impose upon the owner of property the duty of anticipating the presence of a licensee. If the owner, while the licensee is upon the premises exercising due care for his own safety, is affirmatively and actively negligent in the management of his property or business, as a result of which the licensee is subjected to increased danger, the owner will be liable for injuries sustained as a result of such active and affirmative negligence." *Wagoner v. R.R.*, 238 N.C. 162, [172,] 77 S.E.2d 701[, 709 (1953)].

*Id.* at 540, 107 S.E.2d at 158 (citations omitted). Additionally, in *Williams v. McSwain*, 248 N.C. 13, 102 S.E.2d 464 (1958), this Court said:

"The law imposes liability on the owner of property for injuries sustained by an invitee which are caused by dangerous conditions known, or which should have been known, by the property owner but which are unknown and not to be anticipated by the invitee." *Harris v. Department Stores Co.*, 247 N.C. 195[, 198-99, 100 S.E.2d 323, 326 (1957)].

"A possessor of land is subject to liability for bodily harm caused to business visitors by a natural or artificial condition thereon if, but only if, he

"(a) knows, or by the exercise of reasonable care could discover, the condition which, if known to him, he should realize as involving an unreasonable risk to them, and

"(b) has no reason to believe that they will discover the condition or realize the risk involved therein, and

"(c) invites or permits them to enter or remain on the land without exercising reasonable care

"(i) to make the condition reasonably safe, or

"(ii) to give a warning adequate to enable them to avoid the harm without relinquishing any of the services which they are

**NEWTON v. NEW HANOVER COUNTY BD. OF EDUCATION**

[342 N.C. 554 (1996)]

entitled to receive, if the possessor is a public utility." Restatement Torts, sec. 343.

"An invitee is one who goes upon the property of another by the express or implied invitation of the owner or the person in control. A license implies permission and is more than mere sufferance; an invitation implies solicitation, desire, or request." *Jones v. R.R.*, 199 N.C. 1, [3,] 153 S.E. 637[, 638 (1930)].

*McSwain*, 248 N.C. at 17-18, 102 S.E.2d at 467 (citations omitted). Thus, there is an ascending degree of duty owed by the possessor of land to persons on the land based on their entrant status, i.e., trespasser, licensee, or invitee. The obligation owed to a licensee is higher than that owed to a trespasser because the possessor may be required to look out for licensees before their presence is discovered. By the same token, the obligation owed to an invitee is higher than that owed to a licensee because of the express or implied invitation for the invitee to enter the premises.

A police officer who enters the premises of another under authority of law does not fit neatly into either the invitee status or the licensee status. Accordingly, some jurisdictions apply to police officers who enter another's land in discharge of their public duties a "no-duty" rule, often referred to as the "firefighter's rule," which bars these plaintiffs from any recovery. *See, e.g., Flowers v. Rock Creek Terrace Ltd. Partnership*, 308 Md. 432, 520 A.2d 361 (1987). Where this rule is applied, "a police officer, like a firefighter, who is injured in the line of duty, 'generally cannot recover damages for negligence in the very situations that create the occasion for their services.'" *Starkley v. Trancamp Contracting Corp.*, 152 A.D.2d 358, 366, 548 N.Y.S.2d 722, 733 (1989) (quoting *Santangelo v. New York*, 71 N.Y.2d 393, 397, 526 N.Y.S.2d 812, 814, 521 N.E.2d 770, 772 (1988)).

Recognizing that some entrants do not fit well into the traditional classifications, a few jurisdictions classify such entrants injured on the land of another as *sui generis*. *See, e.g., Shypulski v. Waldorf Paper Prod. Co.*, 232 Minn. 394, 45 N.W.2d 549 (1951); *Krauth v. Geller*, 31 N.J. 270, 157 A.2d 129 (1960); *Meiers v. Fred Koch Brewery*, 229 N.Y. 10, 127 N.E. 491 (1920). Some other jurisdictions have purported to abandon any distinction based upon an entrant's status. *See, e.g., Rowland v. Christian*, 69 Cal. 2d 108, 70 Cal. Rptr. 97, 443 P.2d 561 (1968); *Mile High Fence Co. v. Radovich*, 175 Colo. 537, 489 P.2d 308 (1971). Still others have purported to abandon the distinction between licensees and invitees but have retained the common law

rules as to trespassers. *See, e.g., Poulin v. Colby College*, 402 A.2d 846 (Me. 1979); *Peterson v. Balach*, 294 Minn. 161, 199 N.W.2d 639 (1972); *O'Leary v. Coenen*, 251 N.W.2d 746 (N.D. 1977).

Defendant urges this Court to adopt the firefighter's rule and hold that plaintiff is not entitled to any recovery in this case. However, it does not appear that the firefighter's rule, as adopted in other jurisdictions, would apply to the facts of the instant case because plaintiff was not injured by the emergency situation that· caused him to be summoned to the premises. As the majority of the Court of Appeals' panel noted, "plaintiff was injured not as a result of a risk incident to the performance of his duties as a police officer, but from a condition of the premises which plaintiff's evidence tended to show was inherently dangerous." *Newton*, 114 N.C. App. at 724, 443 S.E.2d at 350. Accordingly, we hold that the firefighter's rule is inapplicable to the facts of this case.

In the instant case, plaintiff entered defendant's premises in response to a silent burglar alarm. Plaintiff was obliged to enter the premises to discharge his duties as a public officer. While plaintiff does not fit the traditional definitions of either licensee or invitee, we believe that he should be accorded the same protection as one who is invited to the landowner's premises. The police officer entering the premises of a landowner in the performance of his public duty enters by authority of law, and the officer's invitation to enter the premises should be implied in law. Thus, the landowner's duty toward the police officer who enters the premises in response to an emergency call to the premises should be no less than the duty owed to a person entering the premises at the specific invitation of the landowner. Accordingly, we hold that the duty owed to the police officer in the instant case is the same as the duty owed to an invitee. That duty, as it applies to the instant case, is as stated by the court below:

> A defendant property owner owes an invitee the duty to use ordinary care to keep his property reasonably safe and to warn of hidden perils or unsafe conditions that could be ascertained by reasonable inspection. *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 414 S.E.2d 339 (1992). In order to recover, an invitee must show that the property owner either negligently created the condition that caused the injury or that the owner failed to correct the condition after receiving actual or constructive notice of its existence. *Id.* ·

*Newton*, 114 N.C. App. at 724, 443 S.E.2d at 350.

·

**[2]** The next question then is whether the Court of Appeals erred in holding that there was sufficient evidence of negligence on the part of defendant to go to the jury if plaintiff is treated as an invitee. Plaintiff contends, and the majority of the Court of Appeals' panel held, that the trial court erred by granting defendant's motion for judgment in defendant's favor notwithstanding the jury verdict for plaintiff. We agree.

A motion for judgment notwithstanding the verdict, pursuant to N.C.G.S. § 1A-1, Rule 50(b), is essentially a renewal of the motion for directed verdict; if the motion for directed verdict could have been properly granted, the motion for judgment notwithstanding the verdict should be granted. *Bryant v. Nationwide Mut. Fire Ins. Co.*, 313 N.C. 362, 368-69, 329 S.E.2d 333, 337 (1985). In ruling on a motion for directed verdict pursuant to N.C.G.S. § 1A-1, Rule 50(a), the trial court must consider the evidence in the light most favorable to the plaintiff. The evidence supporting the plaintiff's claims must be taken as true, and all contradictions, conflicts, and inconsistencies must be resolved in the plaintiff's favor, giving the plaintiff the benefit of every reasonable inference. *Id.* at 369, 329 S.E.2d at 337-38. A directed verdict is seldom appropriate in a negligence action. Under these principles, defendant in the instant case was not entitled to a directed verdict or to judgment notwithstanding the verdict unless plaintiff's evidence, viewed in its most favorable light, failed to establish the elements of negligence or showed contributory negligence as a matter of law.

Negligence is the failure to exercise a duty of care for the safety of another. *Dunning v. Forsyth Warehouse Co.*, 272 N.C. 723, 158 S.E.2d 893 (1968). We hold that plaintiff's evidence was sufficient to raise a jury question as to whether defendant was negligent. We agree with the majority of the panel of the Court of Appeals that, when viewed in the light most favorable to plaintiff, the evidence was sufficient to show that defendant had constructive, if not actual, knowledge of the dangerous condition of the stairs and negligently failed to correct the situation and that this negligence was the proximate cause of plaintiff's injuries. Therefore, we conclude that the jury could reasonably find that defendant's failure to warn or to repair the condition of the stairway constitutes negligence. Accordingly, we affirm the Court of Appeals as to this issue.

**[3]** The next question on this appeal is whether the Court of Appeals erred in reversing the trial court's holding that plaintiff was contribu-

torily negligent as a matter of law. A plaintiff is contributorily negligent when he fails to exercise such care as an ordinarily prudent person would exercise under the circumstances in order to avoid injury. *Smith v. Fiber Controls Corp.*, 300 N.C. 669, 268 S.E.2d 504 (1980). Thus, a plaintiff may be contributorily negligent if he fails to discover and avoid a defect that is visible and obvious. *Id.* However, this rule is not applicable where there is "some fact, condition, or circumstance which would or might divert the attention of an ordinarily prudent person from discovering or seeing an existing dangerous condition." *Walker v. Randolph Co.*, 251 N.C. 805, 810, 112 S.E.2d 551, 554 (1960).

In the instant case, defendant argues that the trial court correctly held that plaintiff was contributorily negligent as a matter of law since the evidence at trial established that plaintiff had attended New Hanover High School and that he had frequently been in the field house while he was a student and since he had completed high school in 1982. However, the Court of Appeals noted:

> Plaintiff entered defendant's premises in response to a silent alarm. He went to the top of the stairs in order to make sure that the building was secure. Once plaintiff was at the top of the stairs, he had no choice but to come down. Plaintiff testified that he made a conscious effort to use care as he descended the stairs. The determination of whether plaintiff exercised the care of an ordinary prudent person under all the attendant circumstances was a determination properly before the jury, and the jury's finding that plaintiff was not contributorily negligent was supported by the evidence at trial. Thus, the trial court erred in holding that plaintiff was contributorily negligent as a matter of law.

*Newton*, 114 N.C. App. at 725, 443 S.E.2d at 350. We agree with the conclusion of the majority of the panel of the Court of Appeals. Accordingly, we hold that the Court of Appeals did not err in reversing the trial court's determination that plaintiff was contributorily negligent as a matter of law.

[4] The final question on this appeal is whether the trial court erred in admitting into evidence the videotaped deposition testimony of plaintiff's expert witness, Daniel M. Aquilino, a professional engineer who inspected the stairway on which plaintiff was injured. Although this issue was not addressed by the Court of Appeals, it was presented in defendant's brief to the Court of Appeals. *See Pearce v. American Defender Life Ins. Co.*, 316 N.C. 461, 343 S.E.2d 174 (1986).

"Petitioners whose cases come before this Court on discretionary review are limited by Rule 16 of the North Carolina Rules of Appellate Procedure to those questions they have presented in their briefs to the Court of Appeals." *Id.* at 467, 343 S.E.2d at 178. Because this issue was properly presented in defendant's brief to that court, we will consider it.

**[5]** Plaintiff contends that the trial court properly admitted into evidence the videotaped deposition testimony of Mr. Aquilino. Defendant objected at trial to the admission of this expert testimony on the grounds that the danger of unfair prejudice or confusion to the jury substantially outweighed any probative value that the expert testimony may have had in this case. In the videotaped deposition, Aquilino stated that, in his opinion, the slope of the stairway exceeded a safe slope. Aquilino also stated that the risk of falling on the stairs in question was much greater than the risk of falling on stairs constructed in accordance with good engineering practices and prevailing building codes.

Testimony of an expert in the form of an opinion is properly admitted into evidence if the expert's specialized knowledge will assist the jury in understanding the evidence or in determining a fact at issue in the case. N.C.G.S. § 8C-1, Rule 702 (1988). The expert's testimony, even if relevant, must also have probative value that is not substantially outweighed by the danger of unfair prejudice, confusion, or undue delay. N.C.G.S. § 8C-1, Rule 403 (1988). The trial court is afforded a wide latitude of discretion in making a determination regarding the admissibility of expert testimony. *State v. Bullard*, 312 N.C. 129, 140, 322 S.E.2d 370, 376 (1984).

We note that Mr. Aquilino's testimony as to the structure and appearance of the stairway was based on direct personal knowledge. This testimony, therefore, was admissible so long as it was relevant and its probative value was not substantially outweighed by the danger of unfair prejudice. N.C.G.S. § 8C-1, Rules 402, 403 (1988).

Defendant contends that Mr. Aquilino's testimony was not relevant in that it did not assist the trier of fact. Defendant further contends that Mr. Aquilino's testimony was contrary to plaintiff's testimony and would serve to confuse the jury. Defendant notes that at trial, plaintiff testified that as he descended the stairs, he turned his body so as to permit his entire foot to be on the step. Plaintiff further testified that he did not know how many steps he took before he fell and that he did not know on which step he fell or what caused him to

NEWTON v. NEW HANOVER COUNTY BD. OF EDUCATION

[342 N.C. 554 (1996)]

fall. Therefore, defendant contends, Mr. Aquilino's testimony as to the steepness of the stairway was not relevant to the cause of the fall. Furthermore, defendant argues that plaintiff's testimony that he fell backwards is contrary to Mr. Aquilino's testimony that the steps were such that "would just normally cause that person to intend to fall forward." Because defendant's contentions go to the credibility and weight of the evidence and not to its admissibility, we conclude that the trial court did not err in determining that this testimony was relevant.

[6] Defendant also contends that Mr. Aquilino's testimony concerning the North Carolina Building Code was unfairly prejudicial. On direct examination, Mr. Aquilino testified that the building code that regulates the construction of the stairs is the one that was in effect at the time the stairs were constructed, and that the risk of falling on stairs such as those at the field house was greater than the risk of falling on stairs constructed in accordance with good engineering practices and prevailing building codes. On cross-examination, however, Mr. Aquilino admitted that he did not know when the stairs were constructed and therefore could not testify with certainty as to whether the stairway, when constructed, complied with the prevailing building codes. Defendant did not object to this testimony at trial, and therefore, the trial judge did not have an opportunity to consider defendant's objections.

To preserve a question for appellate review, a party must have presented the trial court with a timely request, objection or motion, stating the specific grounds for the ruling sought if the specific grounds are not apparent. N.C. R. App. P. 10(b)(1). Otherwise, no question is preserved for appellate review. Defendant has failed to comply with the requirements of Rule 10(b)(1) of the North Carolina Rules of Appellate Procedure. Accordingly, since defendant here failed to object to the introduction into evidence of that portion of the deposition containing references to the North Carolina Building Code, we conclude that this issue is not properly before this Court.

For the foregoing reasons, we affirm the decision of the Court of Appeals and remand the case to that court for further remand to the trial court for entry of judgment on the jury's verdict.

AFFIRMED.