TEDDY HARRISON, Plaintiff v. JANICE W. HARRISON, Defendant

No. COA06-370

(Filed 5 December 2006)

## 1. Discovery— delay—sanctions—findings

There was no abuse of discretion in a trial court's findings concerning defendant's delay in responding to discovery. Defendant contended that the findings were not supported by the evidence, but verified motions such as plaintiff's motion for contempt have been held to constitute sufficient evidence, and one of the challenged findings concerned delays which occurred after defendant was already in contempt. Fairness requires that pro se litigants be held to minimal standards of compliance with the Rules of Appellate Procedure.

## 2. Discovery— sanctions for violations—dismissal of claims— consideration of lesser claims required

An order dismissing defendant's claims for not complying with discovery was remanded where lesser sanctions were not considered.

Appeal by defendant from judgment entered 25 August 2005 by Judge Rose V. Williams in Lenoir County District Court. Heard in the Court of Appeals 19 October 2006.

*Joretta Durant for plaintiff-appellee.*

*Gerrans, Foster & Sargeant, P.A., by Jonathon L. Sargeant, for defendant-appellant.*

MARTIN, Chief Judge.

On 14 February 2003, plaintiff filed suit in Lenoir County District Court seeking divorce from bed and board and an equitable division of marital property. On 25 April 2003, he served defendant with Plaintiff's First Set of Interrogatories and Request for Production of Documents under Rules 33 and 34 of the North Carolina Rules of Civil Procedure. On 2 May 2003, defendant filed her Answer and Counterclaim. Eight months later, in December 2003, plaintiff filed a Motion to Compel seeking to compel defendant to respond to his Interrogatories and Request for Production of Documents.

The motion was heard on 25 January 2004. After the hearing, the trial court ordered defendant to respond to plaintiff's discovery re-

quests on or before 17 February 2004. A written order was filed on 10 March 2004, and provided for a $50 per day fine after the deadline, and for the issuing of a show cause notice if defendant failed to comply. By 23 February 2004, defendant had delivered thirteen boxes of miscellaneous disorganized documents to plaintiff's attorney's office. A strong and unpleasant odor was traced to the boxes, and ultimately, to a dead mouse inside one of them.

Counsel for plaintiff refused to accept the boxes in response to the discovery requests, and asked defendant to remove the materials from her office. Defendant, who had been *pro se* since December 2003, when her previous counsel had withdrawn, then retained her present counsel. She served her written Answers to Interrogatories and Responses to Requests for Production on 22 April 2004, thirty-three days after the deadline established in the trial court's order. The Answers indicated that the discovery documents were available for inspection at defendant's counsel's office.

Counsel for both sides conferred to determine a time to evaluate the discovery documents. These efforts were ultimately unsuccessful. In the meantime, defendant's counsel sought to withdraw, and his motion was granted on 27 May 2005. Plaintiff's counsel asserted that she had granted defendant multiple extensions prior to counsel's withdrawal.

On 11 July 2005, plaintiff filed a verified Motion for Contempt and Show Cause seeking sanctions, including attorney's fees and striking the defendant's answer and counterclaim. The contempt hearing was held on 23 August 2005. The defendant proceeded *pro se.* The trial court found that defendant's answers to discovery were disorganized and "completely unresponsive," with the dead rat being "icing on the cake." She did not address the Answer, and the purported availability of the documents at defendant's counsel's office prior to his withdrawal.

The trial court held defendant in contempt and imposed an array of sanctions, including attorney's fees and striking defendant's answer and counterclaim. Defendant appeals.

---

*I.*

[1] Defendant first contends the trial court abused its discretion because its findings of fact were not supported by competent and sufficient evidence and therefore cannot be the basis for its conclu-

sions of law. The defendant specifically challenges Findings 7 and 11 which read:

> 7. . . . [O]n numerous occasions, counsel for the Plaintiff telephoned Mr. Sargeant and requested an opportunity to inspect the documents. On May 14, counsel for the Plaintiff wrote to Mr. Sargeant requesting an opportunity to inspect the documents. . . .

> 11. That the defendant has not offered any legal excuse as to why she has not produced the requested documents and the defendant is in willful civil contempt of this Court for failure to abide by the provisions entered in the March 10, 2004 order signed by the Honorable Lonnie Carraway. That the Defendant was given an opportunity to respond to the allegations raised in the motion and did not deny the essential allegations of the motion.

North Carolina's appellate courts are deferential to trial courts in reviewing their findings of fact. "When a trial court sits as the trier of fact, the court's findings and judgment will not be disturbed on the theory that the evidence does not support the findings of fact if there is any evidence to support the judgment, even though there may be evidence to the contrary." *Atlantic Veneer Corp. v. Robbins*, 133 N.C. App. 594, 599, 516 S.E.2d 169, 173 (1999); *see also Shear v. Stevens Bldg. Co.*, 107 N.C. App. 154, 160, 418 S.E.2d 841, 845 (1992) ("It is well settled in this jurisdiction that when the trial court sits without a jury, the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact. . . ."). Defendant argues:

> One (1) letter sent to counsel for the defendant thirteen (13) months after the written Responses were served on plaintiff and the day after the hearing on defendant's counsel's Motion to Withdraw from this case on Monday, May 23, 2005 can not support Findings of Fact Numbers 7 and 11 of the order for Sanctions in the case at bar. [Defendant Brief 10]

After a careful review of the record, we cannot agree with defendant's contention. North Carolina Courts have previously allowed verified motions to constitute sufficient evidence. *H. L. Coble Constr. Co. v. Hous. Auth. of Durham*, 244 N.C. 261, 264, 93 S.E.2d 98, 100-01 (1956); *Tillis v. Calvine Cotton Mills, Inc.*, 244 N.C. 587, 589, 94 S.E.2d 600, 603 (1956); *see also Page v. Sloan*, 281 N.C. 697, 705, 190 S.E.2d 189, 194 (1972) (holding that a verified complaint is equivalent to affidavit). Plaintiff's verified Motion for Contempt

specifically stated that counsel for plaintiff conferred with counsel for defendant in an attempt to gain access to the discovery materials, and would constitute an adequate basis for finding 7. This argument is without merit.

Defendant also challenges finding 11 that defendant did not comply with the initial order to provide discovery and did not deny the essential elements of the allegation. It is uncontroverted that the trial court had directed the defendant to comply with discovery requests by 17 February 2004, and defendant conceded that she did not offer any discovery materials until 23 February 2004. At that point, she was already in contempt. Though we are not unsympathetic to the difficulties faced by a *pro se* litigant, we have recognized that fairness to opposing parties requires holding *pro se* litigants to minimal standards of compliance with the Rules of Civil Procedure. *House Healers Restorations, Inc. v. Ball*, 112 N.C. App. 783, 787, 437 S.E.2d 383, 386 (1993) ("Defendants should not be penalized with more discovery and litigation . . . because . . . [plaintiff] was initially acting *pro se* and its first attorney was dilatory.").

## II.

[2] Defendant argues that the trial court failed to explicitly consider lesser sanctions before dismissing the defendant's claims, as required by our previous decision in *Goss v. Battle*, 111 N.C. App. 173, 176, 432 S.E.2d 156, 159 (1993). She further argues this issue is dispositive for the purposes of this appeal. We agree.

Plaintiff has urged us to overrule *Goss*, citing the vigorous dissent of Judge Lewis in that case: "It is an imposition on judicial economy to remand . . . so that the judge may state for the record that he considered other sanctions but believes the sanction chosen was appropriate. . . . [A] trial judge naturally considers the options before him when making various decisions." *Id.* at 173, 179, 432 S.E.2d at 160 (Lewis, J., dissenting). However, it is axiomatic that one panel of the Court of Appeals may not overrule another panel. *In re Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 36 (1989). Therefore, we are bound by *Goss*.

Alternatively, plaintiff asks us to distinguish the present case from *Goss*, arguing that this case is closer to *Hursey v. Homes by Design, Inc.*, 121 N.C. App. 175, 179, 464 S.E.2d 504, 507 (1995). However, *Hursey* is distinguishable because the trial court there specifically considered multiple options before settling on a less severe sanction. *Id.*

Similarly, plaintiff also seeks to analogize this case to *Chateau Merisier, Inc. v. Le Mueble Artisanal GEKA, S.A.*, 142 N.C. App. 684, 687, 544 S.E.2d 815, 818 (2001). However, in *Chateau Merisier*, this Court noted that the trial court had allowed some of the sanctions requested by the plaintiff there, and disallowed others; this sufficed to establish that various options had been considered before the imposition of sanctions. *Id.*

By contrast, the record here is bereft of any such indication. The transcript of the hearing showed that the trial court granted plaintiff the entire panoply of sanctions which he had requested. Plaintiff notes that the trial court did not impose the $50 per diem penalty which had been provided for in the earlier order to compel. In addition, the Show Cause Order specifically requested criminal contempt as an option, but the trial court did not impose that remedy.

However, neither of these two sanctions were considered by the District Court at the contempt hearing. Instead, the court asked plaintiff's counsel the measures the latter was seeking and awarded them *in toto*. These facts do not show the trial court considered lesser sanctions as required by *Goss* prior to striking defendant's counterclaim. For this reason, we must vacate the contempt order and remand the case to the Lenoir County District Court for consideration of sanctions in light of the principles set forth in *Goss*.

Our ruling does not indicate in any way an approval by this Court of dilatory tactics such as those employed by defendant. We note that the contempt hearing was held in August 2005, two and one-half years after plaintiff's first filing, and a year and one-half after the initial order directing defendant to comply with plaintiff's discovery requests.

Nor is this Court oblivious to the egregious tactics that have been deployed in this case, such as the insertion of a dead mouse in disorganized, unresponsive, and voluminous discovery materials sent to plaintiff's counsel's office, well after the expiration of a deadline imposed one and one-half years before the contempt hearing. Since both parties are small business owners, the breakdown in the discovery process has made it impossible for marital assets to be appropriately appraised, in turn rendering equitable distribution impossible.

This Court reaffirms that trial courts are not without the power to sanction parties for failure to comply with discovery orders. Dismissal of defenses or counterclaims is an appropriate remedy, and is within the province of the trial court. *Jones v. GMRI, Inc.*,

144 N.C. App. 558, 565, 551 S.E.2d 867, 872 (2001). This Court will not disturb a dismissal absent a showing of abuse of discretion by the trial judge. *Id.* (citing *Benton v. Hillcrest Foods, Inc.*, 136 N.C. App. 42, 524 S.E.2d 53 (1999)). However, under *Goss*, if the trial court chooses to exercise this option, it must do so after considering a variety of sanctions.

The order is thus vacated, and the case remanded to the trial court for proceedings consistent with this order.

ORDER VACATED; REMANDED.

Judges ELMORE and JACKSON concur.