SUSAN C. BAKER, Plaintiff
v.
STEWART B. BAKER, Defendant
No. COA07-1175
North Carolina Court of Appeals
Filed June 3, 2008
This case not for publication
Tharrington Smith, L.L.P., by Jill Schnabel Jackson and Fred M. Morelock, for plaintiff-appellee.
Wake Family Law Group, by Marc W. Sokol and Julianne Booth Rothert, for defendant-appellant.
STEELMAN, Judge.
The trial court did not abuse its discretion in concluding that equity required a supporting spouse to make contributions to the support of a dependent spouse when that conclusion complied with the alimony statute and was supported by its findings of fact, which were supported by competent evidence. However, where the court failed to make findings of fact setting forth its reasons for the amount, duration and manner of payment as required by N.C. Gen. Stat. § 50-16.3A(c), we are required to remand the matter for additional findings.

I. Factual and Procedural Background
Susan C. Baker ("plaintiff") was married to Stewart B. Baker ("defendant") on 17 April 1993. In February 2002, plaintiff left the workforce to care for the couple's two children. Defendant moved out of the marital residence on 1 October 2005, following plaintiff's discovery of defendant's marital misconduct.
On 13 February 2006, plaintiff filed a complaint that included a claim for alimony. Following a two-day hearing in April 2007, the trial court entered orders on 25 May 2007 awarding alimony and attorney's fees to plaintiff. Defendant appeals.
The record contains six assignments of error, which challenge the trial court's award of alimony as an abuse of discretion and collectively challenge four findings of fact and two conclusions of law. One of the challenged findings of fact is more appropriately classified as a conclusion of law and, according to the terms of the order, is incorporated into the court's conclusions of law by reference.

II. The Imputation of Income to Plaintiff
In his first argument, defendant contends that a the trial court erred in failing to impute income to plaintiff and that a bad faith standard that is not specifically set forth in the alimony statute, as amended in 1995, should not be superimposed upon N.C. Gen. Stat. § 50-16.3A. We disagree.
Defendant contends that a plain reading of the statute requires the trial court to consider all relevant factors, including the "relative earnings and earning capacities of thespouses." He argues that the statute is unambiguous and that, under In re R.L.C., 361 N.C. 287, 643 S.E.2d 920, pet. denied, R. L. C. v. North Carolina, 128 S. Ct. 615, 169 L. Ed. 2d 396 (2007), the courts are without power to interpret an unambiguous statute. He further argues that this Court's decision in Megremis v. Megremis, 179 N.C. App. 174, 633 S.E.2d 117 (2006), inappropriately relied on pre-1995 case law without considering the 1995 revisions to the statute, which "made economic needs of the parties the central inquiry in an alimony determination" and also made apparent its "rehabilitative goal." Finally, he contends that the statutory mandate on findings related to earning capacity compels consideration of that earning capacity in determining an alimony award.
In Megremis, this Court "decline[d] to revisit the well-established earning capacity rule." 179 N.C. App. at 182, 633 S.E.2d at 123. Consistent with principles of stare decisis, we are bound by our prior holdings on this issue. In re Civil Penalty, 324 N.C. 373, 384, 379 S.E.2d 30, 36-37 (1989).
This argument is without merit.

III. Trial Court's Findings of Fact
In his second argument, defendant contends that the trial court abused its discretion in entering findings of fact 18, 24, 25, and 29 because these findings are contrary to findings related to plaintiff's qualifications and job opportunities. We disagree.
The challenged findings of fact are as follows:
18. The Court fails to find that the plaintiff chose to shirk the duty of self-support and/or intentionally depress her income for purposes of the court proceeding.
. . .
24. Plaintiff's resources are not adequate to meet her reasonable needs and maintain the marital standard of living.
25. Plaintiff is actually substantially dependent upon the defendant for maintenance and support and is substantially in need of maintenance and support from the defendant.
. . .
29. Based upon a consideration of the factors in N.C.G.S. § 50-16.2A(b) and N.C.G.S. § 50-16.3A(b), it is equitable to require the defendant to contribute to the support of the plaintiff, as set out in the decretal section below.
Defendant argues, and we agree, that finding of fact 29 is more properly classified as a conclusion of law. See Woodard v. Mordecai, 234 N.C. 463, 472, 67 S.E.2d 639, 645 (1951) ("Whether a statement is an ultimate fact or a conclusion of law depends upon whether it is reached by natural reasoning or by an application of fixed rules of law."). Consequently, we limit our analysis to findings of fact 18, 24, and 25.
Defendant contends that, because the challenged findings are contrary to findings that plaintiff is capable of maintaining employment and contributing to her expenses, they constitute an abuse of the court's discretion. In addition to his argument concerning the Megremis decision, defendant argues that the court's findings show that plaintiff acted in bad faith, shirking her duty of self-support or intentionally suppressing her income by choosing not to work.

A. Standard of Review
Our standard of review of a trial court's findings of fact is a deferential one.
"When a trial court sits as the trier of fact, the court's findings and judgment will not be disturbed on the theory that the evidence does not support the findings of fact if there is any evidence to support the judgment, even though there may be evidence to the contrary." Atlantic Veneer Corp. v. Robbins, 133 N.C. App. 594, 599, 516 S.E.2d 169, 173 (1999); see also Shear v. Stevens Bldg. Co., 107 N.C. App. 154, 160, 418 S.E.2d 841, 845 (1992) ("It is well settled in this jurisdiction that when the trial court sits without a jury, the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact. . . .").
Harrison v. Harrison, 180 N.C. App. 452, 454, 637 S.E.2d 284, 286 (2006).

B. Unchallenged Findings of Fact are Binding on This Court
Before analyzing the challenged findings of fact, we note that there are a number of findings of fact, unchallenged by defendant, which deal with facts that are the same or similar to those that defendant challenges. These include:
26. Plaintiff is a dependent spouse within the meaning of N.C.G.S. §50-16.1A(2).
27. Defendant has the ability to contribute support to the plaintiff to allow her to meet her reasonable needs and maintain the marital standard of living.
28. Defendant is the supporting spouse within the meaning of N.C.G.S. §50-16.1A(5).
. . .
31. The alimony set out in the decretal portion of this Order is reasonable, is necessary for the plaintiff to maintain herstandard of living and to meet her living expenses, and the defendant has the ability to pay the amounts as set out below.
These unchallenged findings are binding on appeal. Koufman v. Koufman, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991).

C. Analysis of Challenged Findings

1. Finding of Fact 18
In finding of fact 18, the trial court expressly declined to find that plaintiff chose to shirk the duty of self-support and/or intentionally depress her income for purposes of the alimony proceeding. We note that finding of fact 18 is an "ultimate finding of fact" insofar as it requires the application of a fixed rule of law, Woodard, 234 N.C. at 472, 67 S.E.2d at 645. We have already held that a finding of "bad faith" is necessary to impute income to a party in an alimony proceeding. Megremis, 179 N.C. App. at 182, 633 S.E.2d at 123.
It is undisputed that plaintiff had been a stay-at-home parent since February 2002, held a graduate degree, and had worked as a full-time professional prior to the birth of the parties' children. Each party had twice moved for the benefit of the other during the marriage. Regarding the relative earning and earning capacities of the parties, see N.C. Gen. Stat. § 50-16.3A(b)(2), the court found that:
At the time of trial plaintiff was unemployed.
From the beginning of the marriage until the birth of the parties' second child, the plaintiff had worked on a full-time and nearly a full-time basis, first . . . for Frito-Lay Corporation and then, after earning a Master's in Business Administration degree in 1996, forHewlett Packard Corporation as a financial analyst.
In her first full year of employment after earning her Master's degree, the plaintiff earned more than $60,000.00.
In 2002 with two pre-school children to care for and with the consent of the defendant, the plaintiff stopped working.
In 2004 the defendant expressed his concern that the plaintiff may need to begin working again in order for the parties to maintain their standard of living. Plaintiff did not agree to begin working at this time. There was no discussion as to whether her return to the workforce would be part-time or full-time or by plaintiff returning to work as a financial analyst.
. . . [Plaintiff] testified that she still has the analytical and communication skills which made her a good employee until she chose to stop working.
. . .
A financial analyst with the skills and experience of the plaintiff can reasonably be expected to earn between $60,000.00 and $90,000.00 in the Raleigh-Durham-Chapel Hill-Triangle area of North Carolina if working full-time. There are currently job openings for financial analysts in this area.
These findings are competent evidence that support the trial court's determination in finding of fact 18 that plaintiff did not choose "to shirk the duty of self-support and/or intentionally depress her income for purposes of the court proceeding." Defendant's contention that these findings show bad faith in failing to seek gainful employment is not a matter to be determined upon appeal when there is competent evidence supporting finding of fact 18. Harrison, 180 N.C. App. at 454, 637 S.E.2d at 286.

2. Findings of Fact 24 and 25
Other than to argue that the court should have imputed income based upon plaintiff's earning capacity, defendant does not challenge the specific findings regarding plaintiff's financial situation. These findings are binding on appeal, Koufman, 330 N.C. at 97, 408 S.E.2d at 731, and establish that plaintiff's reasonable needs were nearly $5,000 per month with a monthly income from a part-time aerobics instructor position that earned a minimal amount. Plaintiff's demonstrated income deficit is competent evidence supporting findings of fact 24 and 25. Harrison, 180 N.C. App. at 454, 637 S.E.2d at 286. Findings of fact 24 and 25 are also supported by findings of fact 18, 26, 27, 28, and 31, discussed supra.
We hold that these findings of fact are supported by competent evidence in the record. Id. This argument is without merit.

IV. The Alimony Award
In his remaining arguments, defendant challenges the court's application of the alimony statute. In determining alimony, the trial court must first determine whether a party is entitled to alimony under N.C. Gen. Stat. § 50-16.3A(a). Once the court has established entitlement, it must then determine the amount and duration of the award under N.C. Gen. Stat. § 50-16.3A(b). "A trial court's decision on the amount of alimony to be awarded is reviewed for an abuse of discretion." Fitzgerald v. Fitzgerald, 161 N.C. App. 414, 420, 588 S.E.2d 517, 522 (2003).
A trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason. A ruling committed to a trial court's discretion is to be accorded great deference and will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision.
White v. White, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985) (internal citations omitted).

A. Plaintiff's Entitlement under N.C. Gen. Stat. § 50-16.3A
In this argument, defendant contends that the trial court erred in concluding that it was equitable to require him to contribute to his wife's support because that conclusion is unsupported by the court's findings. We disagree.
Conclusion of law no. 5 states that: "Considering all of the factors in N.C.G.S. § 50-16.2A(b) and N.C.G.S. § 50-16.3A(b), it is equitable to require the defendant to contribute to the support of the plaintiff as set out in the decretal section below." This conclusion reiterates the court's finding of fact 29, which was an ultimate finding of fact, Woodard, 234 N.C. at 472, 67 S.E.2d at 645, and incorporated into the court's conclusions of law by reference. In the decretal section, the court awarded alimony in an amount slightly less than plaintiff's monthly living expenses for a period of two years, and decreasing amounts over another five years.
Conclusion of law no. 5 is supported by detailed findings of fact. The trial court found that defendant was a supporting spouse and that plaintiff was a dependent spouse within the meaning of N.C. Gen. Stat. § 50-16.1A(2). The court further found that defendant engaged in marital misconduct with a third party asdefined in N.C. Gen. Stat. § 50-16.1A(3)(a), and that plaintiff did not condone that conduct. Consequently, the trial court was required to award alimony to plaintiff. See N.C. Gen. Stat. § 50-16-3A(a)(2007) ("If the court finds that the supporting spouse participated in an act of illicit sexual behavior, as defined in N.C. Gen. Stat. § 50-16.1A(3)(a), then the court shall order that alimony be paid to a dependent spouse."). Finding of fact 27 established that defendant has the financial wherewithal to contribute to plaintiff's support. Finding of fact 23 sets forth the court's consideration of, and findings regarding, the factors in N.C. Gen. Stat. § 50-16.3A(b). These are the ultimate findings required to support the court's determination of an equitable amount and duration under the statute. Megremis, 179 N.C. App. at 182, 633 S.E.2d at 122.
We have already established that, under Megremis, 179 N.C. App. at 182, 633 S.E.2d at 123, a finding of "bad faith" is necessary to impute income to a party in an alimony proceeding. The court made no such finding; in fact, it expressly declined to find bad faith in finding of fact 18. We see no distinction between this case and Megremis. Nor can we say that the court's decision is arbitrary or without reason. White, 312 N.C. at 777, 324 S.E.2d at 833. We thus hold that the court acted within its discretion in determining that it was equitable to require defendant to contribute to his wife's support.
This argument is without merit.

B. N.C. Gen. Stat. § 50-16.3A(c) and Fitzgerald

In this argument, defendant contends that the amount and duration of the trial court's alimony is an abuse of discretion because it is not supported by its findings of fact. We are unable to afford effective appellate review to this argument.
"Under N.C. Gen. Stat. § 50-16.3A(c)(2001), the trial court is also required to set forth its reasons for the amount of the alimony award, its duration, and manner of payment." Fitzgerald, 161 N.C. App. at 421, 588 S.E.2d at 522. The trial court made extensive findings of fact regarding the parties' status and needs, but failed to set forth its reasons for the amount and duration of the award. Without these findings, this Court cannot determine whether or not the award was within the court's discretion or an abuse of that discretion. We thus remand the matter for further findings setting forth the court's reasons for "the amount of the alimony award, its duration, and manner of payment[,]" as required by N.C. Gen. Stat. § 50-16.3A(c).

V. Conclusion
The court's findings of fact are supported by competent evidence, and those findings support its conclusion that it is equitable to require defendant to contribute to plaintiff's support. The trial court acted within its discretion in concluding that it was equitable for the supporting spouse to make financial contributions to the support of the dependent spouse. However, its failure to set forth its reasons for the amount and duration of alimony as required by N.C. Gen. Stat. § 50-16.3A(c) is an abuse ofdiscretion. The matter is remanded to the trial court for further findings explicitly stating its reasons for the amount of the alimony award, its duration, and manner of payment.
AFFIRMED IN PART, REMANDED IN PART.
Judges McCULLOUGH and ARROWOOD concur.
Report per Rule 30(e).