ANNICE F. GRANVILLE, Plaintiff-Appellant,
v.
MURIEL B. YEDDO, ROY J. YEDDO, GLENN F. FORMYDUVAL, BUNSON L. FORMYDUVAL, CHARLIE WYNN FORMYDUVAL, and MICHAEL FORMYDUVAL, Defendants-Appellees.
No. COA08-1539.
Court of Appeals of North Carolina.
Filed: August 18, 2009.
This case not for publication
Ennis Law Firm, P.C., by David Paul Ennis, for PlaintiffA-ppellant.
Williamson, Walton & Scott, L.L.P., by Benton H. Walton, III and C. Martin Scott II for Defendants-Appellees.
McGEE, Judge.
Plaintiff filed a complaint on 5 June 2008 seeking to void seven deeds that conveyed real property from Plaintiff's mother, Naomi L. Formyduval (Testator). The deeds challenged by Plaintiff include: a general warranty deed dated 30 March 1993 and executed on 7 January 1999 conveying a tract of real property to Plaintiff and Defendant Muriel Yeddo; three special warranty deeds dated September 1995 and executed 15 October 1998 conveying tracts of real property to Defendants Glenn F. Formyduval, Bunson L. Formyduval, and Charlie Wynn Formyduval; a deed dated and executed on 30 October 1998 conveying tracts of real property to Defendants Muriel B. Yeddo and Roy J. Yeddo; a general warranty deed dated 17 December 1998 and executed on 7 January 1999 conveying a tract of real property to Defendant Michael Formyduval; and a general warranty deed dated 30 March 1993 and executed on 7 January 1999 conveying a tract of real property to Plaintiff.
Plaintiff alleged in her complaint that Testator was first diagnosed with dementia/Alzheimer's disease in May 1996. Plaintiff attached an exhibit to her complaint that she alleged was a letter dated 11 May 1998 written by Testator's doctor stating that Testator was no longer competent to handle her legal affairs due to Alzheimer's disease. Plaintiff also alleged that an incompetency petition was filed as to Testator and the Clerk of Superior Court for Brunswick County adjudicated Testator incompetent on 12 August 1999.
Plaintiff alleged that she and her brother, Paul Formyduval, were appointed co-guardians of the person and estate for Testator on 3 September 1999. She further alleged that, upon cross-motions later filed by Plaintiff and Paul Formyduval to have each other removed as co-guardians, an order was entered 5 November 2004 by the Clerk of Superior Court for Brunswick County removing both as co-guardians of the estate. Plaintiff attached an exhibit to her complaint showing that the Clerk concluded that both co-guardians were "incapable of conducting their fiduciary responsibilities in a reasonable or timely manner." The exhibit also showed the Clerk found that Paul Formyduval "by various words and actions. . . demonstrated a lack of concern about the physical well-being and comfort of [Testator,]" and concluded that his "indifference to [Testator's] comfort or happiness [made] him unsuitable to continue in his role as co-guardian of [Testator's] person[,]" and removed him as co-guardian of the person of Testator. The exhibit further showed that Plaintiff was allowed to remain as guardian of the person of Testator.
Plaintiff filed the complaint in this action to void the seven deeds, alleging that the deeds resulted from constructive fraud, undue influence and duress. Plaintiff further alleged that Testator lacked sufficient mental capacity to understand the "nature, scope and consequences of her acts" at the time the deeds were executed. Plaintiff alleged Defendants took advantage of Testator's diminished capacity to obtain Testator's signature on the seven deeds, as each deed was executed after Testator's Alzheimer's diagnosis. Defendants filed a motion to dismiss the complaint under several subsections of Rule 12(b) of the North Carolina Rules of Civil Procedure, including N.C. Gen. Stat. § 1A1-, Rule 12(b)(6).
In a judgment entered 12 August 2008, the trial court granted Defendants' Rule 12(b)(6) motion to dismiss Plaintiff's complaint, stating Plaintiff lacked standing to pursue the action. Plaintiff appeals.

I.
In her first argument, Plaintiff contends the trial court erred by granting Defendants' motion to dismiss for lack of standing because Plaintiff was the guardian of the person of Testator. We disagree.
Plaintiff argues that her status as guardian of the person of Testator provided her standing to file a complaint "to protect her incompetent mother's property interest when the appropriate legal guardian ha[d] failed to do so." Our Court held in Clawser v. Campbell, 184 N.C. App. 526, 529, 646 S.E.2d 779, 782 (2007), that a guardian of the person has no authority to initiate an action on behalf of her ward. Pursuant to N.C. Gen. Stat. § 35A-1251.3, a general guardian or guardian of the estate has the power "to compromise, adjust, arbitrate, sue on or defend, abandon, or otherwise deal with and settle any other claims in favor of or against the ward."[1] N.C. Gen. Stat. § 35A-1251.3 (2007). See also Clawser, 184 N.C. App. 526, 646 S.E.2d 779; Johnson v. Pilot Life Ins. Co., 217 N.C. 139, 7 S.E.2d 475 (1940). "The guardian of the person may give any consent or approval that may be necessary to enable the ward to receive medical, legal, psychological, or other professional care, counsel, treatment, or service[.]" N.C. Gen. Stat. § 35A-1241.3 (2007). As guardian of the person of Testator, Plaintiff had the authority to consent to, or approve of, any legal action taken on behalf of Testator. Plaintiff's authority, however, extended no further. The power to initiate legal action lies with the general guardian, the guardian of the estate, or a guardian ad litem, and as Plaintiff stated in her complaint, she was removed as guardian of Testator's estate in 2004. Plaintiff lacked statutory authority to sue on behalf of Testator.
Furthermore, Plaintiff filed the complaint in her own name, in her individual capacity, not in her capacity as guardian of the person of Testator. Even assuming arguendo that Plaintiff's status as guardian of the person of Testator provided standing for Plaintiff to file a complaint on Testator's behalf or in Testator's name, Plaintiff failed to file the complaint in her representative capacity. This argument is without merit.

II.
In her second argument, Plaintiff contends the trial court erred by granting Defendants' motion to dismiss for lack of standing because Plaintiff was Testator's attorney-in-fact. We disagree.
As stated above, Plaintiff did not file her complaint on behalf of Testator; Plaintiff filed her complaint in her own name, in her individual capacity. Furthermore, in Plaintiff's complaint, she did not allege she had ever been appointed attorney-in-fact by Testator. The only allegation as to any attorney-in-fact in Plaintiff's complaint is as follows:
on January 26, 1999, [Testator] personally executed a power of attorney, purportedly naming [Testator's] [h]usband as [Testator's] attorney-in-fact[.] Said power of attorney was duly recorded the same day with the Brunswick County Register of Deeds . . . and the Columbus County Register of Deeds[.] A copy of said POA is attached hereto as Exhibit J and is incorporated herein by reference.
We note, however, that Exhibit J, as presented in the record on appeal, is not the 1999 power of attorney naming Testator's husband attorney-in-fact, but is an earlier 1989 power of attorney naming Plaintiff attorney-in-fact for Testator.
At the hearing on Defendants' motion to dismiss, Plaintiff did not argue that she had standing as a result of her purported status as attorney-in-fact for Testator. In her argument on appeal, Plaintiff does not mention the power of attorney executed in favor of Testator's husband in 1999, nor does she argue that the 1999 power of attorney granted to Testator's husband was invalid. Therefore, according to Plaintiff's own complaint, any power of attorney granted by Testator to Plaintiff was revoked 26 January 1999 when Testator executed a new power of attorney naming Testator's husband as Testator's attorney-in-fact. We hold that Plaintiff did not have standing to initiate this action pursuant to the 1989 power of attorney naming her Testator's attorney-in-fact. This argument is without merit.

III.
In her final argument, Plaintiff contends the trial court erred in granting Defendants' motion to dismiss for lack of standing "where Plaintiff's interest under the incompetent's will has been interfered with and has rendered unenforceable the majority rule against ademption by extinction in cases involving an incompetent testatrix." We disagree.
"An ademption is, quite simply, the extinguishment of a testamentary gift." Tighe v. Michal, 41 N.C. App. 15, 18, 254 S.E.2d 538, 541 (1979). Further, "an ademption generally occurs whenever the subject matter of a specific devise or bequest is not found in the estate of a testator at the time of [testator's] death." Id. (citation omitted). In other words, if the subject matter of a testamentary gift made in a will is no longer part of the testator's estate when the will takes effect, and the intended beneficiary receives neither the gift nor any replacement compensation, an ademption results. Generally, the principle of ademption applies if the "testator remains mentally competent until [testator's] death[.]" Tighe, 41 N.C. App. at 22, 254 S.E.2d at 543.
"Every will shall be construed . . . to speak and take effect as if it had been executed immediately before the death of the testator[.]" N.C. Gen. Stat. § 31-41 (2007). In this case, Testator is still living and therefore her will has not taken effect. Because the principle of ademption could only apply in this case if Testator's will had already taken effect, Plaintiff's ademption argument is premature. See Tighe, 41 N.C. App. at 18, 254 S.E.2d at 541. This argument is without merit.
Affirmed.
Judges JACKSON and ERVIN concur.
Report per Rule 30(e).
NOTES
[1] An action may also be brought on behalf of an incompetent by a duly appointed guardian ad litem. N.C. Gen. Stat. § 1A-1, Rule 17 (2007); see also Clawser, 184 N.C. App. 526, 646 S.E.2d 779.