KENNETH E. ROSS, Plaintiff v. LINDA O. ROSS (now Osborne), Defendant

No. COA11-141

(Filed 20 September 2011)

**1. Appeal and Error—interlocutory orders and appeals—contempt order—immediately appealable**

Plaintiff's interlocutory appeal in a domestic litigation case was properly before the court as a contempt order and was immediately appealable.

**2. Discovery—discovery sanctions—domestic litigation—no error**

The trial court did not err as a matter of law in a domestic litigation by imposing discovery sanctions against plaintiff. The trial court's findings as to plaintiff's failure to respond to discovery were fully supported by the record. Further, it was apparent from the transcript that the trial court considered lesser sanctions prior to striking plaintiff's equitable distribution claim and barring him from introducing evidence in support of his claim. Finally, the trial court's sanctions were not inconsistent with the Court of Appeals' prior mandate.

**3. Contempt—contempt of court—no proper notice—failure to specify method to purge contempt**

The trial court erred in a domestic litigation by holding plaintiff in contempt of court in two orders. Plaintiff did not receive proper notice of the contempt hearing and both orders failed to specify how plaintiff might purge himself of contempt.

Appeal by plaintiff from orders entered 6 May 2010, 21 July 2010, and 28 July 2010 by Judge Paul Quinn in District Court, Carteret County. Heard in the Court of Appeals 17 August 2011.

*Wyrick Robbins Yates & Ponton LLP, by K. Edward Greene and Tobias S. Hampson, for plaintiff-appellant.*

*Judith K. Guibert, for defendant-appellee.*

STROUD, Judge.

This is plaintiff's third appeal to this Court arising from the domestic litigation between him and defendant. *See Ross v. Ross*, 193

N.C. App. 247, 666 S.E.2d 889, 2008 N.C. App. LEXIS 1801 (N.C. App. October 7, 2008) (unpublished) (affirmed in part; vacated and remanded in part), *disc. review denied*, 363 N.C. 656, 685 S.E.2d 106 (2009); and *Ross v. Ross (now Osborne)*, 194 N.C. App. 365, 669 S.E.2d 828 (2008) (appeal dismissed; filed 16 December 2008). After our prior opinion of 7 October 2008, only one issue remained for consideration on remand: "an appropriate reclassification and valuation of [the Emerald Isle] property." *Ross*, 2008 N.C. App. LEXIS 1801, at *15. Plaintiff now appeals from three orders from the trial court's proceedings on remand: the 6 May 2010 order compelling discovery ("the discovery order"); the 21 July 2010 order for sanctions ("the sanctions order"); and the 28 July 2010 order for civil contempt and granting temporary possession of the Emerald Isle property to defendant ("the contempt order"). For the reasons stated below, we affirm the discovery order and we affirm in part and reverse in part the sanctions order and the contempt order.

We have stated the factual background of this dispute in detail in *Ross v. Ross*, 194 N.C. App. at 366-67, 669 S.E.2d at 829-30, and will not repeat it in full here. Additional facts as relevant to the arguments raised in this appeal are noted below.

## I. Interlocutory appeal

[1] This is plaintiff's third interlocutory appeal in the course of this domestic litigation. Because the orders appealed do not dispose of all of the remaining issues, this appeal is interlocutory. Although "[a]n order compelling discovery is not a final judgment" and "does [not] affect a substantial right," it is not immediately appealable, unless the order also imposes sanctions. *Walker v. Liberty Mut. Ins. Co.*, 84 N.C. App. 552, 554-55, 353 S.E.2d 425, 426 (1987) (noting that "when the order is enforced by sanctions pursuant to N.C.R. Civ. P., Rule 37(b), the order is appealable as a final judgment."). In addition, the last two orders found plaintiff in contempt, and a contempt order is immediately appealable. *See Guerrier v. Guerrier*, 155 N.C. App. 154, 158, 574 S.E.2d 69, 71 (2002) (noting that "[t]he appeal of any contempt order affects a substantial right and is therefore immediately appealable." (citation omitted)). Thus plaintiff's interlocutory appeal is properly before us.

## II. Rule 37 sanctions

[2] Plaintiff first argues that the "trial court erred as a matter of law in imposing discovery sanctions . . . which included striking his claim for equitable distribution and barring him from presenting evidence

in support of his claims." Our standard of review of an order impos-
ing discovery sanctions under N.C. Gen. Stat. § 1A-1, Rule 37 is abuse
of discretion. *Benton v. Hillcrest Foods, Inc.*, 136 N.C. App. 42, 55,
524 S.E.2d 53, 62 (1999).

Rule 37 provides as follows, in pertinent part:

> (a)      . . . . A party, upon reasonable notice to other parties
> and all persons affected thereby, may apply for an order com-
> pelling discovery as follows:
>
> . . . .
>
> (2) Motion.—If a deponent fails to answer a question pro-
> pounded or submitted under Rules 30 or 31, or a corporation
> or other entity fails to make a designation under Rule 30(b)(6)
> or 31(a), or a party fails to answer an interrogatory submitted
> under Rule 33, or if a party, in response to a request for inspec-
> tion submitted under Rule 34, fails to respond that inspection
> will be permitted as requested or fails to permit inspection as
> requested, the discovering party may move for an order com-
> pelling an answer, or a designation, or an order compelling
> inspection in accordance with the request. The motion must
> include a certification that the movant has in good faith con-
> ferred or attempted to confer with the person or party failing
> to make the discovery in an effort to secure the information or
> material without court action. . . .
>
> (3) Evasive or Incomplete Answer.—For purposes of this sub-
> division an evasive or incomplete answer is to be treated as a
> failure to answer. . . .

N.C. Gen. Stat. § 1A-1, Rule 37 (2009).

After the prior appeal of the equitable distribution order, the only
issue remaining to be determined by the trial court upon remand was
the classification and valuation of the Emerald Isle house and land
("the Emerald Isle property"). Plaintiff claims that the Emerald Isle
property is his separate property because he acquired the lot prior to
marriage, and he paid for construction of the house with his separate
funds. We summarized defendant's evidence regarding the Emerald
Isle property in our prior opinion, *Ross v. Ross*, 2008 N.C. App. LEXIS
1801, at *3-5:

> Prior to the parties' marriage, on 13 April 1987, plaintiff-hus-
> band purchased a lot in Emerald Isle ("Emerald Isle property").

The lot was undeveloped and was titled in plaintiff-husband's name alone. Sometime between the date of marriage and November of 1992, the parties constructed a house on the lot. On 6 November 1992, the parties both executed a Deed of Trust to this property with First Financial Savings Bank ("First Financial") to secure a loan in the amount of $60,000.00. On 18 September 1998, the parties executed another Deed of Trust to the Emerald Isle property with Branch Banking and Trust ("BB & T") to secure a $50,000.00 equity line of credit. The parties made payments on this loan until 26 July 1999, when both parties executed a final Deed of Trust to this property with BB & T to secure a loan in the amount of $92,000.00. On 27 July 1999, the outstanding balance on the First Financial loan was paid in full. The parties continued to make payments on the BB & T debts for the duration of their marriage. By the date of separation, the parties had paid $9,143.00 of the principal balance of the BB & T mortgage.

Prior to the parties' 4 January 2002 separation, the parties had been living at a home that they owned in Summerfield, Florida ("Florida residence"), but after separation, plaintiff-husband resided at the Emerald Isle property and continued to make mortgage payments with respect to the Emerald Isle property. On 5 June 2003, plaintiff-husband, in his name alone, executed a Deed of Trust to the Emerald Isle property with RBC Centura Bank, to secure an equity line of credit in the amount of $110,000.00.

Defendant argues that the Emerald Isle property is presumed to be marital based upon the source of funds used to build the house and pay the mortgage during the marriage, so that the burden then shifts to plaintiff to produce evidence to show that it is actually his separate property. As plaintiff failed to attend the equitable distribution trial, he did not present evidence regarding his separate interest in the property. Defendant's interrogatories and request for production at issue in this appeal were therefore focused on the acquisition of the Emerald Isle property, construction of the house, and maintenance of the house.

Plaintiff claims that he did respond to the discovery requests as ordered by the 6 May 2010 discovery order, as it is undisputed that he served responses on 1 June 2010. Plaintiff also claims that his responses were "full and complete" and that he was not able to provide certain documentation since some of the items requested dated back to prior to the marriage in 1990. Plaintiff argues that he pro-

duced all that he could and should not be subject to sanctions. We have noted that

[i]f a party's failure to produce is shown to be due to inability fostered neither by its own conduct nor by circumstances within its control, it is exempt from the sanctions of the rule. The rule does not require the impossible. It does require a good faith effort at compliance with the court order.

*Laing v. Liberty Loan Co. of Smithfield and Albemarle*, 46 N.C. App. 67, 71, 264 S.E.2d 381, 384 (citing *Societe Internationale v. Rogers*, 357 U.S. 197, 2 L. Ed. 2d 1255 (1958)), *disc. review denied and appeal dismissed*, 300 N.C. 557, 270 S.E.2d 109 (1980).

Even though plaintiff did provide a response to the discovery requests, under Rule 37, sanctions may be ordered for "evasive or incomplete" responses. *See* N.C. Gen. Stat. § 1A-1, Rule 37(a)(3). Plaintiff's responses were both evasive and incomplete. As noted above, the only issue remaining on remand from this Court was the classification and valuation of the Emerald Isle property. *See Ross*, 2008 N.C. App. LEXIS 1801, at *15. Plaintiff claimed in his responses to interrogatories that this property is his separate property because he purchased the lot in 1987, prior to marriage, and that he built the house on the lot "for $117,500 under contract April 1990 with pre-marital funds and investments." Plaintiff did respond to some of the requests for production and interrogatories, at least in part. But for the most important request, which went directly to the issue remaining to be determined, plaintiff flatly refused to answer. In the request for production of documents which accompanied the interrogatories, defendant requested that plaintiff produce

[a]ny and all documents upon which you have relied, or intend to rely, to support your contention that the land and/or the residential building at 7018 Ocean Drive, Emerald Isle, North Carolina is your separate property, including but not limited to any evidence of source of funds used in acquiring said alleged marital property.

Plaintiff responded as follows:

Any and all documents that I have to support my contention that the land and/or residential building at 7018 Ocean Drive, Emerald Isle, North Carolina is my separate property, is [sic] proprietary at this time. This evidence will be presented and reveled [sic] in court at the ED hearing(s) when necessary. I have always contended the Emerald Isle property is my separate property

from the beginning. (Refer to Plaintiff's Interrogatories, June 14, 2002, items 5 and 6.

Thus, although this equitable distribution claim, originated by plaintiff, had been pending for eight years, and plaintiff had been ordered by the court to respond to discovery requests which directly addressed the one remaining issue, plaintiff refused to answer. We note that plaintiff did not state in response to this request that he did not have or could not obtain the documents requested; instead, he stated that he did have documents but he refused to produce them because they were "proprietary at this time" and they "will be presented . . . at the ED hearing(s) when necessary." Plaintiff has not explained in his brief what he means by claiming the documents to be "proprietary at this time." The common meaning of "proprietary" is "[b]elonging to ownership; . . . belonging or pertaining to a proprietor; relating to a certain owner or proprietor." A "proprietor" is essentially synonymous with "owner." Black's Law Dictionary 1219-20 (6th ed. 1990). Thus, it appears that plaintiff was claiming that he is the owner of his documents and he will not reveal them to anyone unless and until he wants to; this is not a valid or reasonable response to a discovery request.

Plaintiff also responded to request No. 4, regarding records of payments on the property, as follows:

> No payment records have been kept for this period. These records have gone to three attorneys that represented me in case #02-CVVD 558, Bill Kafer, Andrew Wigmore, and C.M. Ludwig that were made available and were never returned or lost during this 8 year period of time.

Plaintiff's dispute with his own attorneys regarding documents was not a new development; in fact, this dispute was referenced in the 27 October 2005 order regarding plaintiff's "oral motion to set aside" the trial court's 24 October 2005 order permitting plaintiff's then-counsel, Mr. Kafer, to withdraw, over plaintiff's objection. The trial court found that "[s]ome of the issues that appeared to exist between plaintiff and counsel related to providing documents, cooperating with counsel, and paying counsel. The plaintiff did not offer to provide the documents, indicated that irreconcilable differences existed between plaintiff and counsel, and did not offer to pay counsel." It is apparent from the voluminous record that literally for years, defendant has been requesting information regarding the Emerald Isle property, and plaintiff has been

refusing to produce it. The trial court's findings as to plaintiff's failure to respond to discovery are fully supported by the record.

Plaintiff next argues that the trial court erred "by failing to consider lesser sanctions prior to striking plaintiff's equitable distribution claim and barring him from introducing evidence in support of his claim."

> This Court has recently reaffirmed "that trial courts are not without the power to sanction parties for failure to comply with discovery orders." *Harrison v. Harrison*, 180 N.C. App. 452, 456, 637 S.E.2d 284, 288 (2006). Striking of defenses or counterclaims is an appropriate remedy, and is within the province of the trial court. *Jones v. GMRI, Inc.*, 144 N.C. App. 558, 565, 551 S.E.2d 867, 872 (2001). This Court will not disturb a dismissal absent a showing of abuse of discretion by the trial judge. *Benton v. Hillcrest Foods, Inc.*, 136 N.C. App. 42, 524 S.E.2d 53 (1999). However, if the trial court chooses to exercise the option of striking a party's defenses or counterclaims, it must do so after considering lesser sanctions. *See In re Pedestrian Walkway Failure*, 173 N.C. App. 237, 251, 618 S.E.2d 819 (2005); *Goss v. Battle*, 111 N.C. App. 173, 176, 432 S.E.2d 156, 159 (1993).

*Clawser v. Campbell*, 184 N.C. App. 526, 531, 646 S.E.2d 779, 783 (2007). Although the 21 July 2010 order does not specifically state that the trial court considered lesser sanctions, it is apparent from both the order and the transcript that it did. The 21 July 2010 order reviewed the history of the case relevant to the requests, defendant's extensive efforts to secure this information by discovery, and plaintiff's failures to respond in good faith. We cannot overlook the fact that this litigation has been underway since 2002. In *Clawser*, we noted that "[a]n examination of the transcript reveals that the trial court did not consider any lesser sanctions before striking the defendants' defenses on the issue of liability." *Id.* Thus, this Court considered not just the order but also the transcript. Our examination of the transcript here reveals that the trial court *did* consider lesser sanctions before deciding to strike plaintiff's claim. At the hearing on the motion for sanctions, plaintiff failed to appear, as he had failed to appear at several prior hearings and the equitable distribution trial. As he had done for prior hearings, he had requested continuance of the 1 July 2010 hearing via letters and facsimiles; in this instance, he requested a 60 day continuance because he had had a colonoscopy on 16 June 2010, and he had an appointment with his dermatologist three weeks *after* the court date, on 21 July 2010. The trial court denied

plaintiff's request for continuance. Defendant's counsel then reviewed the extensive history of defendant's efforts to obtain discovery from plaintiff and the prior court orders addressing these issues, all of which is reflected in the record. In addition, Mr. Green, one of plaintiff's prior attorneys who had withdrawn from representing him, was also present and informed the court that

> [w]e do not represent him, however, we do not have any of the records. Any of the records that he did provide to us we, pursuant to the Rules of Civil Procedure, sent them to [defendant's counsel], and anything else we sent to him. So, we don't have anything else in our file related to, I assume, this is a discovery issue that he's failure [sic] to . . . provide the discovery.

We also note that defendant's motion for sanctions requested the specific relief as granted by the trial court, and plaintiff made no recommendation or request to the court, either by filing a written response to defendant's motion or even in his letters requesting yet another continuance, as to what other, lesser sanctions may be appropriate. It is apparent from the transcript that the trial court considered the entire course of the litigation and the years of futile efforts of both defendant's counsel and the trial court to secure plaintiff's compliance with the Rules of Civil Procedure, concluding as follows:

> You've—you've done everything that anybody could ask you to do, you know, with an adverse position to him to—to try to get to the—the bottom on this, and I don't—I don't know what more to do then [sic] to grant your motions and just—we just need to move along.

Plaintiff's argument is without merit.

Plaintiff next argues that the trial court "erred by imposing the specific sanctions . . . directed to preventing plaintiff from presenting his case." The legal basis of this argument is unclear, as plaintiff does not contend that the trial court abused its discretion in striking plaintiff's equitable distribution claim and barring him from presentation of evidence. Instead, plaintiff argues that even if this order is reviewed for abuse of discretion, "the most drastic penalties, dismissal or default, are examined in the light of the general purpose of the Rules to encourage trial on the merits." *American Imports, Inc. v. G.E. Employees Western Region Federal Credit Union*, 37 N.C. App. 121, 124, 245 S.E.2d 798, 800 (1978) (citations and quotation marks omitted). Plaintiff also notes that "the mandate of this Court was solely to reclassify and value the marital portion of the Emerald

Isle Property in making an equitable distribution." Thus, plaintiff claims that the trial court's order essentially violates this Court's mandate to classify a portion of the Emerald Isle Property as marital, as that cannot be done without some evidence from plaintiff as to the value of his separate portion. Plaintiff actually has the audacity to argue that

> [t]he remedy in this case is not [to] continue to allow the parties to endlessly litigate and relitigate this case, engaging in discovery fishing expeditions and immumerable Motions in the Cause, as have they have [sic] done for close to a decade, but rather to expeditiously place this matter on for a hearing and allow each party to present what evidence they can muster (or has already been presented)- and for the trial court to enter a final equitable distribution judgment in line with this Court's prior mandate.

Defendant responds that she has been desperately trying to have this case tried for years, but plaintiff's actions have delayed and pro- longed this litigation. Defendant has attempted to have this matter peremptorily set for trial repeatedly (19 August 2002, continued to 4 September 2002; 9 September 2002, continued to 5 November 2002; 12 January 2004, continued to 10 February 2004, continued to 24 February 2004, continued to 29 March 2004, and continued to 7 June 2004; peremptory trial setting for week of 7-11 June 2004; peremptory trial setting for 17 June 2004; trial set 13 December 2004; peremptory trial setting for 28 November 2005, continued to 17 January 2006, and continued to 8 May 2006). On 1 May 2006, plaintiff sent a letter to the clerk of court claiming that he did not have sufficient notice of the pre- trial conference set for 2 May 2006 (despite at least four prior calendar settings for pretrial conferences) and that he was "recovering in Florida from a previous surgery" and had unspecified "medical test and exami- nations[.]" The trial court denied plaintiff's request for continuance and we affirmed this ruling in the first appeal. *See Ross*, 2008 N.C. App. LEXIS 1801, at *8-10. Defendant argues that

> in a mind boggling demonstration of either lack of comprehen- sion or disrespect for the Court, plaintiff went through exactly the same routine of sending a letter to the clerk of court com- plaining of lack of notice, wanting to hire an attorney, and needing to remain in Florida for medical care (this time for a colonoscopy 12 days earlier and a dermatology appointment three weeks later) when notified of the hearing on defendant's motion for sanctions.

Plaintiff is correct that this Court directed the trial court to reconsider the classification and valuation of the Emerald Isle property, but this mandate does not exempt him from compliance with the Rules of Civil Procedure or court orders. Plaintiff has no right to keep his "proprietary" information which he has been required by court order to produce in discovery a secret until he deems it necessary to reveal it at the equitable distribution hearing. Plaintiff does not have the prerogative to decide what information he will produce in discovery after the trial court has ordered this production. Thanks to plaintiff's intransigence, the trial court has not yet had the opportunity to reconsider the classification and valuation of the marital and separate interests in the Emerald Isle property and to enter an order as directed by our prior opinion. The trial court's sanctions order barring plaintiff's equitable distribution claim[1] and presentation of evidence does not prevent the trial court from entering an order as to classification and valuation of the separate and marital property but affects only the evidence which will be available at the hearing which will someday, we trust, be held on this issue. The trial court's sanctions are therefore not inconsistent with this Court's prior mandate, and plaintiff's argument is without merit.

### III. Civil contempt

[3] Plaintiff next argues that the trial court erred by holding him in contempt of court in both the 21 July and 28 July 2010 orders. In the 21 July 2010 order, which was based upon a hearing held on 1 July 2010, the trial court found and concluded that defendant was in contempt of court for his failure to abide by the order filed on 6 May 2010, but did not impose any sanction for the contempt. We note that on 1 July 2010, defendant had not yet filed a motion to hold plaintiff in contempt of the 6 May 2010 order; on 7 July 2010, defendant filed a verified motion requesting that plaintiff be held in "willful contempt of this court" for his failure to abide by the 6 May 2010 order, and this motion was served upon plaintiff by mail on the same date. However, no order to show cause was issued and the record contains no notice of hearing which sets a date for hearing of the motion for contempt.

In the 28 July 2010 order, based upon a hearing held on 21 July 2010, the trial court made additional, extensive findings regarding plaintiff's willful failure to cooperate with the real estate appraiser appointed by the trial court to conduct an appraisal of the Emerald

---

1. As defendant also brought an equitable distribution counterclaim, barring plaintiff's identical equitable distribution claim would not appear to have any practical effect upon the trial court's rulings.

Isle property and concluded that plaintiff was in civil contempt of the 6 May 2010 order, but still did not impose a sanction for contempt and reserved defendant's request for attorney fees on this issue "for resolution at a later date."

Plaintiff argues that defendant failed to comply with the requirements of N.C. Gen. Stat. § 5A-23(a1) (2009), which states:

> Proceedings for civil contempt may be initiated by motion of an aggrieved party giving notice to the alleged contemnor to appear before the court for a hearing on whether the alleged contemnor should be held in civil contempt. A copy of the motion and notice must be served on the alleged contemnor at least five days in advance of the hearing unless good cause is shown. The motion must include a sworn statement or affidavit by the aggrieved party setting forth the reasons why the alleged contemnor should be held in civil contempt. The burden of proof in a hearing pursuant to this subsection shall be on the aggrieved party.

Plaintiff contends that "there was no sworn statement or affidavit and no notice to [plaintiff] of the contempt charges against him." No verified motion was filed prior to the 1 July 2010 hearing, which resulted in the 21 July 2010 order. Although defendant did file a verified motion to hold plaintiff in contempt prior to the hearing held on 21 July 2010, which resulted in the 28 July 2010 order, we agree that plaintiff did not have proper notice of a contempt hearing. The record does not include any notice of hearing upon the contempt motion and no order to show cause was issued by the trial court. In addition, plaintiff argues that both orders "failed to provide any mechanism by which [plaintiff] could purge himself of civil contempt." N.C. Gen. Stat. § 5A-23(e) provides that:

> At the conclusion of the hearing, the judicial official must enter a finding for or against the alleged contemnor on each of the elements set out in G.S. 5A-21(a). If civil contempt is found, the judicial official must enter an order finding the facts constituting contempt and specifying the action which the contemnor must take to purge himself or herself of the contempt.

We agree that the 21 July and 28 July 2010 orders were in error as to the findings and conclusions as to contempt only, based upon the lack of proper notice of the contempt hearing and upon the failure of both orders to specify how plaintiff might purge himself of contempt.

Defendant argues that the contempt issues are moot and that "the trial court's determination of contempt did not impact the posture of this litigation in any way, because the trial court did not impose any consequence or penalty for plaintiff's contempt." Although we agree that the orders did not impose a penalty, the trial court did reserve for future hearing the matter of attorney fees and retained jurisdiction "for purposes of modification and/or enforcement of this Order." Thus, the finding of contempt may have consequences in future proceedings and it is not moot. *See Smith ex rel. Smith v. Smith*, 145 N.C. App. 434, 436, 549 S.E.2d 912, 914 (2001) (noting that "[g]enerally, an appeal should be dismissed as moot '[w]hen events occur during the pendency of [the] appeal which cause the underlying controversy to cease to exist.' *In re Hatley*, 291 N.C. 693, 694, 231 S.E.2d 633, 634 (1977). Nevertheless, 'even when the terms of the judgment below have been fully carried out, if collateral legal consequences of an adverse nature can reasonably be expected to result therefrom, then the issue is not moot and the appeal has continued legal significance.' *Id.*").

We note that the 28 July 2010 order also required plaintiff to pay defendant's attorney fees related to her postseparation support claim and granted temporary possession of the Emerald Isle property to defendant so that she could facilitate the real estate appraisal. Plaintiff has not challenged these rulings on appeal and therefore we affirm the order as to these issues.

We therefore affirm the 6 May 2010 discovery order and we affirm in part and reverse in part the 21 July and 28 July 2010 orders. Specifically, we reverse the 21 July 2010 and 28 July 2010 orders to the extent that they hold plaintiff in contempt of court but affirm all other provisions of the orders. We remand to the trial court for further proceedings consistent with this opinion.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Judges HUNTER, JR., Robert N. and BEASLEY concur.