BRYANT, Judge.
Where the trial court had subject matter jurisdiction to enter an order imposing sanctions and properly considered lesser sanctions pursuant to our Rules of Civil Procedure, Rule 37(b)(2) b., we affirm the trial court's entry of such an order.
On 1 February 2016, plaintiff Devena O'Buckley filed a complaint against defendant Michael O'Buckley, her husband of twenty-one years, in Iredell County District Court. Plaintiff's complaint included claims of child custody and support, post-separation support, alimony, and divorce from bed and board. Plaintiff also sought counsel fees, a temporary restraining order, and preliminary injunction to secure the possession of marital and separate property. On 28 March 2016, plaintiff amended the complaint by removing the claim for divorce from bed and board and including a request for equitable distribution.
On 4 May 2017, plaintiff filed a motion to compel discovery of interrogatories and documents. Plaintiff asserted that defendant never responded to the interrogatories or the request for documents, which had been hand-delivered to defendant on 4 January 2017, and had not sought a protective order regarding any discovery request. Plaintiff requested that the court issue orders compelling defendant to comply with plaintiff's discovery requests, sanctioning defendant for his evasive behavior, and reimbursing plaintiff for reasonable attorney's fees.
On 5 June 2017, plaintiff filed a motion for a temporary restraining order and/or a preliminary injunction to restrain defendant or his agents from taking any action that would "waste, devalue, destroy, encumber or in any way have a negative effect on any marital asset." In the motion, plaintiff asserted that during the course of the marriage, the parties (who held interests in five business entities) incurred a tax debt of $ 600,000.00. Since the parties separated, defendant had sole and exclusive control of all income from the parties' businesses and had been servicing the debt. Plaintiff alleged that defendant had taken a "scorched earth" approach to the parties' finances: threatening to leverage the tax debt against the parties' personal and real property unless plaintiff agreed to settle all claims. The court issued an order temporarily "restraining defendant from selling, transferring, encumbering, wasting, destroying or devaluing any marital asset pending a hearing ... for a preliminary injunction ...."
On 12 July 2017, following a hearing in Iredell County District Court before Christine Underwood, Judge presiding, the court issued an order to compel. In it, Judge Underwood found that defendant did not respond to plaintiff's first set of interrogatories or plaintiff's first request for a production of documents and had not complied as of the hearing date on the motion to compel. The court concluded that "[d]efendant ha[d] failed to comply with the discovery requests of the [p]laintiff without just cause, and an order to compel responses [was] necessary and appropriate to ensure full responses [we]re forthcoming in a timely manner." Furthermore, "[t]he remaining issues of sanctions and attorneys' fees [we]re reserved for hearing ... in the event that [d]efendant ha[d] not complied with the requirements herein."
On 20 September 2017, defendant filed a motion to compel, motion for sanctions, and motion for attorneys' fees. Defendant asserted that on 21 June 2017, he served his first request for production of documents on plaintiff. Defendant contended that plaintiff did not respond and did not request a protective order from the court regarding any of the discovery requests. Defendant asked that the court compel plaintiff's compliance with defendant's discovery requests, sanction plaintiff for her evasive behavior, and reimburse defendant for reasonable attorneys' fees incurred as a result of the delay.
On 12 October 2017, a hearing on the outstanding motions was held before Edward L. Hedrick, IV, Judge presiding. In an order entered 13 December 2017, Judge Hedrick concluded that defendant should be sanctioned for failing to comply with Judge Underwood's 12 July 2017 order to compel in response to plaintiff's discovery requests. As a sanction, Judge Hedrick ordered that defendant
not be allowed to raise the defense of [p]laintiff's illicit sexual behavior (if any) during the marriage or her cohabitation prior to the filing of this written order as a defense o[r] even a factor to be considered by the [c]ourt related to [p]laintiff's claim of postseparation [sic] support or alimony.
Further, the court allowed plaintiff's motion for preliminary injunction to restrain defendant from selling, transferring, encumbering, wasting, destroying or devaluing any marital asset pending further order of the court and allowed defendant's motion to compel discovery. The court also denied both parties' claims for attorneys' fees. Defendant appeals.
_________________________
On appeal, defendant raises the following issues: whether the trial court erred by (I) entering an order for sanctions when the motion for sanctions was filed prior to the order to compel; and (II) imposing a sanction precluding defendant from raising his defense to a claim for liability without first considering lesser sanctions.
I
Defendant argues that the trial court lacked subject matter jurisdiction to sanction him pursuant to Rule 37(b)(2), where the motion for sanctions was filed pursuant to a different subsection of the rule and where the matter had been previously heard before another district court judge. More specifically, defendant contends that the trial court erred by issuing its 13 December 2017 order where (A) plaintiff moved for sanctions pursuant to Rule 37(d) but the court imposed sanctions pursuant to Rule 37(b)(2) b., and (B) Judge Hedrick entered an order after Judge Underwood had previously heard the matter and held open her ruling. We disagree.
Whether a trial court has subject-matter jurisdiction is a question of law, reviewed de novo on appeal. ... Subject-matter jurisdiction derives from the law that organizes a court and cannot be conferred on a court by action of the parties or assumed by a court except as provided by that law. When a court decides a matter without the court's having jurisdiction, then the whole proceeding is null and void, i.e. , as if it had never happened. Thus the trial court's subject-matter jurisdiction may be challenged at any stage of the proceedings.
McKoy v. McKoy , 202 N.C. App. 509, 511, 689 S.E.2d 590, 592 (2010) (citations omitted).
A
Defendant contends that the trial court lacked subject matter jurisdiction to impose sanctions against him pursuant to Rule 37(b)(2) where plaintiff filed the motion for sanctions pursuant to Rule 37(d).
Pursuant to our Rules of Civil Procedure, Rule 37 ("Failure to make discovery; sanctions"), a party may apply for an order compelling discovery. N.C. Gen. Stat. § 1A-1, Rule 37(a) (2017). Pursuant to subsection (b)(2), where a party fails to comply with a court order compelling discovery, "a judge of the court in which the action is pending may make such orders in regard to the failure as are just," id. § 1A-1, Rule 37(b)(2), including "[a]n order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting the party from introducing designated matters in evidence," id. § 1A-1, Rule 37(b)(2) b.
Defendant challenges the trial court's jurisdiction to sanction him pursuant to Rule 37(b)(2) because plaintiff's motion to sanction him was predicated on defendant's failure to serve answers to interrogatories, which can be sanctioned pursuant to Rule 37(d) ("Failure of party to attend at own deposition or serve answers to interrogatories or respond to request for inspection"). Where a party fails to serve answers to interrogatories, Rule 37(d) authorizes a court to impose sanctions "as are just." Id. § 1A-1, Rule 37(d). Furthermore, "the court ... may take any action authorized under subdivisions a, b, and c of subsection (b)(2) of this rule ." Id. § 1A-1, Rule 37(d) (emphasis added).
On the record before us, plaintiff filed a motion to compel and a motion for sanctions on 4 May 2017. Plaintiff alleged that defendant failed to respond to plaintiff's first set of interrogatories and her first request for production of documents and that defendant never requested a protective order regarding any discovery requests or an extension of time to respond to discovery requests. Plaintiff asserted that "[u]nder N.C.R. Civ. P. 37(d) [ ], th[e] [District Court] has the discretion to impose appropriate sanctions ...."
On 28 June 2017, the matter was heard before Judge Underwood. Judge Underwood entered a written order on 12 July 2017, in which she directed defendant to tender full and complete responses to plaintiff's discovery requests by 13 July 2017. She reserved ruling on the issue of sanctions.
On 12 October 2017, the matter of plaintiff's motion for sanctions was raised before Judge Hedrick. In his 13 December 2017 order, Judge Hedrick concluded based on unchallenged findings of fact that
[d]efendant should be sanctioned for failing to comply with Judge Underwood's order to respond to discovery. ... Pursuant to N.C.G.S. [§] 1A-1, Rule 37(b)(2) b, it would be just for the [District Court] to refuse to allow the disobedient party (the [d]efendant) to support [his defense from plaintiff's claims of post-separation support or alimony with evidence of plaintiff's illicit sexual behavior or cohabitation] or to introduce any evidence in this regard.
Based on unchallenged findings of fact, the trial court concluded that defendant "fail[ed] to comply with Judge Underwood's order to respond to discovery." For this violation, Rule 37(d) authorized the court to "take any action authorized under subdivision[ ] ... b ... of subsection (b)(2) of [Rule 37][,]" id. § 1A-1, Rule 37(d), which includes "refusing to allow [defendant] to support or oppose designated claims or defenses, or prohibiting [defendant] from introducing designated matters in evidence." Id. § 1A-1, Rule 37(b)(2) b. Thus, the court had jurisdiction to impose the sanction against defendant that he
not be allowed to raise the defense of [p]laintiff's illicit sexual behavior (if any) during the marriage o[r] her cohabitation prior to the filing of this written order as a defense o[r] even a factor to be considered by the [c]ourt related to Plaintiff's claim of postseparation [sic] support or alimony.
Therefore, on this point, defendant's argument is overruled.
B
Defendant further contends that Judge Hedrick lacked subject matter jurisdiction to enter his 13 December 2017 order imposing sanctions on defendant where the issue of sanctions for defendant's failure to respond to plaintiff's interrogatories was first heard before Judge Underwood. In support of his argument, defendant states that "one trial judge may not modify, overrule or change the judgment of another trial judge in the same action." See generally Calloway v. Motor Co. , 281 N.C. 496, 501, 189 S.E.2d 484, 488 (1972) ("The well established rule in North Carolina is that no appeal lies from one Superior Court judge to another; that one Superior Court judge may not correct another's errors of law; and that ordinarily one judge may not modify, overrule, or change the judgment of another Superior Court judge previously made in the same action." (citation omitted) ). Cf. N.C. Gen. Stat. § 7A-192 (2017) ("Any district judge may hear motions and enter interlocutory orders in causes regularly calendared for trial or for the disposition of motions, at any session to which the district judge has been assigned to preside.").
Here, Judge Underwood-who heard plaintiff's 4 May 2017 motion to compel and motion for sanctions while presiding over Iredell County District Court and who, on 12 July 2017, entered an interlocutory order directing defendant to comply with the motion to compel-reserved and did not otherwise enter a ruling on plaintiff's motion for sanctions. Judge Hedrick heard plaintiff's motion for sanctions on 12 October 2017, also while presiding over Iredell County District Court, and entered an order on plaintiff's motion on 13 December 2017. He did not modify, overrule, or change the judgment of Judge Underwood but rather entered a disposition on plaintiff's outstanding motion for sanctions. See id. § 7A-192. Thus, Judge Hedrick had jurisdiction to enter a disposition on plaintiff's outstanding 4 May 2017 motion for sanctions against defendant in Judge Hedrick's 13 December 2017 court order.
Accordingly, defendant's argument that the court lacked subject matter jurisdiction to enter the 13 December 2017 order imposing sanctions against defendant is overruled.
II
Next, defendant argues that the trial court abused its discretion by imposing a sanction without first considering lesser sanctions. More specifically, defendant contends that by failing to acknowledge its consideration of lesser sanctions, the trial court erred by imposing the sanction that barred defendant from raising plaintiff's illicit sexual behavior during the marriage or plaintiff's co-habitation post separation as a defense to claims of post-separation support and alimony. We disagree.
"[T]rial courts are not without the power to sanction parties for failure to comply with discovery orders." Harrison v. Harrison , 180 N.C. App. 452, ----, 637 S.E.2d 284, 288 (2006). Striking of defenses or counterclaims is an appropriate remedy, and is within the province of the trial court. Jones v. GMRI, Inc. , 144 N.C. App. 558, 565, 551 S.E.2d 867, 872 (2001). This Court will not disturb a dismissal absent a showing of abuse of discretion by the trial judge. Benton v. Hillcrest Foods, Inc. , 136 N.C. App. 42, 524 S.E.2d 53 (1999). However, if the trial court chooses to exercise the option of striking a party's defenses or counterclaims, it must do so after considering lesser sanctions. See In re Pedestrian Walkway Failure , 173 N.C. App. 237, 251, 618 S.E.2d 819 (2005) ; Goss v. Battle , 111 N.C. App. 173, 176, 432 S.E.2d 156, 159 (1993).
Clawser v. Campbell , 184 N.C. App. 526, 531, 646 S.E.2d 779, 783 (2007) ; see also GEA, Inc. v. Luxury Auctions Mktg., Inc. , --- N.C. App. ----, ----, 817 S.E.2d 422, 430 (2018) ("A failure to consider lesser sanctions may constitute an abuse of discretion. However, formal findings of fact and conclusions of law stating that the trial court considered lesser sanctions are not required in order to sustain an order's validity in every instance. [T]his Court will affirm an order for sanctions where it may be inferred from the record that the trial court considered all available sanctions and the sanctions imposed were appropriate in light of the party's actions in the case." (alteration in original) (citation omitted) ).
Here, the record provides that during the 12 October 2017 hearing before Judge Hedrick, plaintiff asked the court to impose sanctions against defendant pursuant to Rule 37, for failing to respond to interrogatory requests. Plaintiff emphasized that the court had "broad discretion" in this area and asked the court to consider various sanctions, including: deeming as fact that defendant committed adultery for future proceedings; ordering that defendant be responsible for all costs associated with the valuation of the parties' business interests; deeming as fact that plaintiff was a dependent spouse and defendant was the supporting spouse; imposing attorney fees on defendant; and ordering that defendant be required to tender properly labeled and designated responses to plaintiff's request for production of documents, to which the court replied, "I'll consider it carefully."
Thus, from the record, we can infer that the trial court considered various sanctions and in light of the party's actions in the case, we cannot say that the trial court's imposition of the sanction to bar defendant from raising his primary defense to plaintiff's claims for post-separation support and alimony amounts to an abuse of discretion. See GEA , --- N.C. App. at ----, 817 S.E.2d at 430. Accordingly, we overrule defendant's argument and affirm the trial court's 13 December 2017 order.
AFFIRMED.
Report per Rule 30(e).
Judges DAVIS and INMAN concur.